UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:16-CV-21199-CMA/O'Sullivan

ANDREA ROSSI, *et al.*,

      Plaintiffs,

v.

THOMAS DARDEN, *et al.*,

      Defendants,
_____/

**PLAINTIFFS' MOTION TO STRIKE IN PART DEFENDANTS'
SECOND AMENDED ANSWER, AFFIRMATIVE DEFENSES,
COUNTERCLAIMS AND THIRD PARTY CLAIMS, OR IN THE
ALTERNATIVE, MOTION FOR A MORE DEFINITE STATEMENT**

    Plaintiffs, Andrea Rossi and Leonardo Corporation ("Plaintiffs"), hereby move pursuant to Federal Rules of Civil Procedure 8, 12(f) and Local Rule 7.1 for an order striking Defendants' Second Amended Affirmative Defenses 1, 2, 3, 4, 6, 7, 9 and 10, and Paragraphs 126-133 of Count II of Defendants Second Amended Counterclaim titled "*Failure to Pay Taxes*" [DE: 50]. In the alternative, Defendants move pursuant to Federal Rule of Civil Procedure 12(e) and Local Rule 7.1 for a more definite statement of the affirmative defenses. As grounds therefore, Plaintiffs state:

**Legal Standards:**

  A. **Standard to Plead and Strike Affirmative Defenses.**

    An affirmative defense may be stricken if it is insufficient as a matter of law. *Chetu, Inc. v. Salihu*, No. 09-60588-CIV, 2009 WL 3448205, at *1 (S.D. Fla. Oct. 26, 2009) (citing *Anchor Hocking Corp. v. Jacksonville Elec. Auth.*, 419 F. Supp. 992, 1000 (M.D. Fla. 1976)). A legally sufficient affirmative defense "satisfies the heightened pleading standard" of *Twombly* and *Iqbal*, and gives "fair notice of the defense" and "the grounds upon which it rests." *Ocean's 11 Bar &*

*Grill, Inc. v. Indem. Ins. Corp. RRG*, No. 11-61577-CIV, 2012 WL 5398625, at *18 (S.D. Fla. Nov. 2, 2012), *aff'd sub nom. Ocean's 11 Bar & Grill, Inc. v. Indem. Ins. Corp. of DC, Risk Retention Grp.*, 522 F. App'x 696 (11th Cir. 2013); *Adams v. Jumpstart Wireless Corp.*, 294 F.R.D. 668, 671 (S.D. Fla. 2013); *see also* Fed. R. Civ. P. 8(a); *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007) and *Ashcroft v. Iqbal,* 556 U.S. 662 (2009).

"While [a party] need not provide detailed factual allegations, they must provide more than bare-bones conclusions. [A party] should not be left to discover the bare minimum facts constituting a defense until discovery."*Holtzman v. B/E Aerospace, Inc.*, No. 07-80551-CIV, 2008 WL 2225668, at *1 (S.D. Fla. May 29, 2008).  "[A] motion to strike an affirmative defense is typically denied unless the defense (1) has no possible relation to the controversy, (2) may cause prejudice to one of the parties, or (3) fails to satisfy the general pleading requirements of Rule 8 of the Federal Rules of Civil Procedure." *Tsavaris v. Pfizer, Inc.*, 310 F.R.D. 678, 680 (S.D. Fla. 2015). "Under this standard, an affirmative defense that merely offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Id. (citing Adams v. JP Morgan Chase Bank, N.A.*, No. 3:11–CV–337–J–37MCR, 2011 WL 2938467, at *2 (M.D.Fla. July 21, 2011). Instead, a defense would have to contain enough factual matter to "raise a right to relief above the speculative level." *Id.* (citation omitted). Moreover, an affirmative defense is established only when 'a defendant admits the essential facts of the complaint and sets up other facts in justification or avoidance.'" *Sparta Ins. Co. v. Colareta*, No. 13-60579-CIV, 2013 WL 5588140, at *2 (S.D. Fla. Oct. 10, 2013) (citing *Morrison v. Exec. Aircraft Refinishing Co.*, 434 F. Supp. 2d 1314, 1317–18 (S.D. Fla. 2005)).

### B. Standard to Strike Other Immaterial Impertinent or Scandalous Matters.

"Federal Rules of Civil Procedure 12(f) authorizes a district court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." *Tsavaris v. Pfizer, Inc.*, 310 F.R.D. 678, 680 (S.D. Fla. 2015). "The purpose of a motion to strike is to clean up the pleadings, streamline litigation, and avoid unnecessary forays into immaterial matters." *Schmidt v. Life Ins. Co. of N.A.*, 289 F.R.D. 357, 358 (M.D. Fla. 2012) (internal citation omitted). "The Court enjoys broad discretion in determining whether to grant or deny a motion to strike." *Centex Homes v. Mr. Stucco, Inc.*, 807CV365T27MSS, 2008 WL 793587, at *1 (M.D. Fla. Mar. 25, 2008). Notwithstanding, "a court will not exercise its discretion under the rule to strike a pleading unless the matter sought to be omitted has no possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party." *Quintana v. Countrywide Home Loans, Inc.*, 09-20427-CIV, 2009 WL 10644868, at *1 (S.D. Fla. June 11, 2009).

### DEFENDANTS' AFFIRMATIVE DEFENSES:

Plaintiffs, Andrea Rossi and Leonardo Corporation respectfully move this Court to strike the Defendants' Affirmative Defenses number 1, 2, 3, 4, 6, 7, 9 and 10 as legally insufficient and as grounds therefore state:

### I. Defendants' First Affirmative Defense (Standing) Is Legally Insufficient.

The gravamen of Defendants' first affirmative defense is that "Plaintiff Leonardo lacks standing…because the assignment of the License Agreement from Leonardo Corporation, Inc., a New Hampshire corporation, to Plaintiff Leonardo was invalid." [DE:50 at *21-22]. This defense does not admit, justify or avoid Plaintiffs' claims, but rather seeks to re-write the allegations in the Complaint to suit their defense. Specifically, Defendants reference an ambiguous "assignment" between Leonardo Corporation, a New Hampshire corporation ("Leonardo NH") and Plaintiff

Leonardo Corporation, a Florida corporation ("Leonardo"), yet Defendant provides no factual allegations regarding such alleged "assignment" including, but not limited to, when such "assignment" occurred, the terms of such assignment, the nature of the assignment, or any other specifics regarding such purported assignment. *See* [DE: 50, at *21-22]. In fact, in alleging that an "assignment" occurred, Defendants first affirmative defense denies the allegation in the Plaintiffs Complaint that Leonardo NH merged with Leonardo and that Plaintiff Leonardo "suffered harm" as a result of Defendants actions. [DE:1 at *3, fn. 1]; [DE:1, ¶25].

To the extent Defendants erroneously contend the merger between Leonardo NH and Leonardo was an "assignment," such contention is legally untenable and specifically contradicted by Florida Law. In the instant case, the Complaint specifically alleges that Leonardo NH was merged into Plaintiff Leonardo. [DE:1 at *3, fn. 1]. Florida law provides that "the title to all real estate and other property, or any interest therein, owned by each corporation party to the merger is vested in the surviving corporation without reversion or impairment" and "the surviving corporation shall thenceforth be responsible and liable for all the liabilities and obligations of each corporation party to the merger." *§607.1106(1)(b-c),* Florida Statutes. A merger "is like the uniting of two or more rivers, neither stream is annihilated, but all continue in existence." *Celotex Corp. v. Pickett*, 490 So. 2d 35, 38 (Fla. 1986) (citation omitted). It is well settled in Florida that a merger of two corporations creates a "shared existence" within the surviving corporation. *Id.* ("merger merely directs the blood of the old corporation into the veins of the new, the old living in the new.").

Accordingly, in the case of a merger, "the surviving corporation retains the interests of the merging corporations," including contractual interests, and the surviving corporation is not considered an "assignee" and is therefore not precluded from enforcing the terms of such contract.

4

**PERLMAN, BAJANDAS, YEVOLI & ALBRIGHT, P.L.**
200 South Andrews Avenue, Suite 600, Fort Lauderdale, Florida 33301 • (954) 566-7117
283 Catalonia Avenue, Suite 200, Coral Gables, Florida 33134 • (305) 377-0086

*Ferguson Enterprises, Inc. v. Astro Air Conditioning and Heating, Inc.*, 137 So. 3d 613, 616 (Fla. 2d DCA 2014) (surviving corporation was entitled to enforce personal guarantees which were otherwise non-assignable). Moreover, *§607.1106-07*, Fla. Stat., governing mergers between two or more corporations in Florida, virtually mirrors the corresponding section of the Model Business Corporation Act ("MBCA"). Similar to *§607.1106-07*, Fla. Stat., the MBCA, provides that "all property owned by, and every contract right possessed by, each corporation or eligible entity that merges into the survivor is vested in the survivor without reversion or impairment." *§11.07,* MBCA. In the official comments to *§11.07* of the MBCA, the drafters explicitly state that "[a] merger is not a conveyance, transfer, or assignment" and that "[i]t does not give rise to a claim that a contract with a party to the merger is no longer in effect on the ground of nonassignability, unless the contract specifically provides that it does not survive a merger." *See Id. §11.07, comment ¶1*.

Assuming, arguendo, that Defendants are claiming that the merger between Leonardo NH and Plaintiff Leonardo was an "assignment" such argument fails as a matter of law and should be stricken for the reasons stated above. If, on the other hand, Defendant is claiming that Leonardo NH assigned the License Agreement to Plaintiff Leonardo outside of the merger, such defense (a) fails to accept the allegations of the Complaint as true, and (b) fails to plead any factual basis for their conclusory allegation that such assignment was "invalid" thereby failing to satisfy the requisite pleading requirements.

Lastly, Defendants erroneously claim that Rossi lacks standing with respect to Plaintiffs' breach of contract claims because "the payment that is the basis of that claim (Count I) is due, if at all, to Leonardo Corporation New Hampshire, not Rossi" is likewise untenable and without merit. There is no question that both Plaintiffs Leonardo and Rossi were parties to the License Agreement, in contractual privity with the Defendants Industrial Heat, LLC ("IH"), and

subsequently IPH International, B.V. ("IPH"), and that both Rossi and Leonardo are therefore entitled to enforce the terms of the License Agreement. Despite diligent effort, the undersigned has been unable to find any authority to support Defendants' defense that because payment under the contract was to be directed to only one party to the contract, that the other parties to the contract lose standing to enforce the contract terms. Moreover, to the extent Defendants attempt to claim that Rossi was not damaged by Defendants breach, such claim constitutes a mere denial of Plaintiffs' allegations that "Leonardo and Rossi have been damaged" by Defendants breach of the contract terms. Defendants' first affirmative defense is wholly untenable in fact or law and should be stricken accordingly.

## II.   Defendants' Second Affirmative Defense (Failure to State a Claim) Is Insufficient as a Matter of Law.

Defendants' second affirmative defense is a mere conclusory allegation devoid of legal or factual support that fails to admit, deny, justify or avoid Plaintiffs' allegations. An affirmative defense is an assertion of facts or law by the defendant that, if true, would avoid the action. Affirmative defenses do not simply deny the facts of the opposing party's claim. They raise some new matter which defeats an otherwise apparently valid claim. The affirmative defense inherits its role from the common-law pleading practice of confession and avoidance.

Specifically, Defendants allege that Plaintiffs "have failed to state a claim upon which relief may be granted." [DE:50 at *2]. In support of such claimed defense, Defendants rely solely upon the allegations and argument contained within their own Motion to Dismiss [DE:17] and Defendants reply on the same [DE:19]. *See* [DE: 50 at *22]. While Defendants may disagree with the Court's Order on Defendants' Motion to Dismiss [DE:24], to the extent that they defend their breach of the underlying contract by claiming that Plaintiffs have failed to state a claim, Defendants must allege sufficient facts to show such a failure.  *See, e.g.*, Fed. R. Civ. P. 8(a); *Twombly*, 550

6

U.S. at 544; *Iqbal*, 556 U.S. at 662; *Ocean's 11*, 2012 WL 5398625, at *17. Here, Defendants are simply attempting to re-litigate their Motion to Dismiss in hopes that they may achieve a different result. This Court has already determined that the Plaintiffs' surviving claims sufficiently state a cause of action and Defendants should not be permitted a second bite at the apple so as to re-litigate the same issues yet again under the guise of an affirmative defense. Accordingly, the defense must be stricken.

### III. Defendants' Third Affirmative Defense (Estoppel, Waiver, Laches, "And Other Applicable Equitable Doctrines") Is Insufficient as a Matter of Law.

Defendants' third affirmative defense consists of multiple equitable defenses, some of which are not disclosed to Plaintiffs at all, none of which are pled with any particularity aimed at providing Plaintiffs with fair notice and all of which fail to admit, deny, justify or avoid Plaintiffs' allegations. Defendants' defenses, including any equitable defense that Defendants purport to assert but fail to ever notice in the pleading, must be stricken. Equitable defenses such as waiver, estoppel, and laches "are equitable defenses that must be pled with the specific elements required to establish the defense." *Noveshen v. Bridgewater Associates, LP*, No. 13-CV-61535-KAM, 2016 WL 3902580, at *2 (S.D. Fla. Feb. 25, 2016). Where these defenses are not pled as such, the defense will be stricken. *Id*. (Striking equitable defenses for failure to plead the particular elements of each defense).

To state a claim for equitable estoppel, Defendants must plead: "(1) a representation of fact by one party contrary to a later asserted position; (2) good faith reliance by another party upon the representation; and (3) a detrimental change in position by the later party due to the reliance." *MSC Mediterranean Shipping Co. SA, Geneva v. Metal Worldwide, Inc.*, 884 F. Supp. 2d 1269, 1274 (S.D. Fla. 2012). Defendants fail to assert these particular elements but rather rely upon the assertions in their Second Amended Counterclaim. Notwithstanding the lack of any allegation that

Plaintiffs later changed their position on any matter, the allegations relied upon by Defendants pertain to a different contract than the contract Plaintiffs claim that Defendants breached. As such, even if such allegations were true (they are not) such allegations would not excuse, justify or avoid the Plaintiff's claims for breach of the License Agreement. Accordingly, this defense fails and must be stricken.

To state a claim for waiver, Defendants must allege: "(1) the existence at the time of the waiver of a right, privilege, advantage, or benefit which may be waived; (2) the actual or constructive knowledge of the right; and (3) the intention to relinquish the right." *Dantzler, Inc. v. PNC Bank, Nat. Ass'n*, 946 F. Supp. 2d 1344, 1367–68 (S.D. Fla. 2013). Defendants fail to present these elements or any facts that would purport to support a waiver. Defendants' claim that "Plaintiffs either never had, waived, or stopped [sic] from asserting their fraudulent inducement claim by agreeing to the provisions in the License Agreement…" is preposterous. If this Court were to accept such erroneous logic, every claim for fraudulent inducement would be immediately vitiated by alleging the elements of a cause of action for fraudulent inducement. Logically, Plaintiffs were fraudulently induced to do something – enter into the License Agreement. Defendants now argue that their fraud should be ignored because they were successful in duping Plaintiffs to "sign on the dotted line." There is no legal support for this position, and, accordingly, the defense must be stricken.

To state a claim for laches, Defendants must show: "(1) a delay in asserting a right or a claim; (2) that the delay was not excusable; and (3) that there was undue prejudice to the party against whom the claim is asserted. *AmBrit, Inc. v. Kraft, Inc.*, 812 F.2d 1531, 1545 (11th Cir. 1986); *see also I.C.E. Mktg. Corp. v. Gapardis Health & Beauty, Inc.*, No. 00-02280-CIV, 2014 WL 10093869 at *8 (S.D. Fla. Nov. 13, 2014), *report and recommendation adopted in part*, No.

00-CV-02280, 2015 WL 4243528 (S.D. Fla. July 13, 2015).  Defendants allege simply that Plaintiffs' unjust enrichment claim is barred by laches because of their inexcusable delay in asserting a claim" without providing any further factual support.  The defense must accordingly be stricken.  *See State Farm Mut. Auto. Ins. Co. v. B&A Diagnostic, Inc.*, No. 1:13-CV-24393-UU, 2014 WL 11906618 at *2 (S.D. Fla. May 14, 2014) (striking the defendant's laches defense as conclusory where the defendant stated the elements of the defense but provided no factual allegations in support). In the instant case, Defendants fail to even state the elements of the defense.

Defendants fail to give Plaintiffs any notice – fair or otherwise – of the "other applicable equitable doctrines" upon which they intend to rely in this defense.  Defendants merely assert that they rely upon "other applicable equitable doctrines." [DE: 50 at *22]. Defendants fail to make any legal or factual allegation in support of this defense as they cannot do so in good faith.  As such, the Court must strike these purported "other applicable equitable doctrines."  *See, e.g.*, Fed. R. Civ. P. 8(a); *Twombly*, 550 U.S. at 544; *Iqbal*, 556 U.S. at 662; *Ocean's 11*, 2012 WL 5398625 at *17.

**IV.     Defendants' Fourth Affirmative Defense (Unclean Hands) Is Insufficiently Pled as a Matter of Law.**

Defendants' fourth affirmative defense is conclusory and lacks the requisite specificity required of a claim or defense based in fraud. Defendants allege that Plaintiffs had "unclean hands" based upon the allegations set forth in Defendants Counterclaims for fraud in the inducement and violation of the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"). As both claims are founded in fraud, they must be pled with specificity. *Rule 9,* Federal Rules of Civil Procedure. Where, as here, the FDUTPA claims upon which Defendants rely for this defense, sound in fraud, the heightened pleading requirements of Rule 9(b) apply. *Llado-Carreno v. Guidant Corp.,* 09-20971-CIV, 2011 WL 705403, at *5* (S.D. Fla. Feb. 22, 2011) (finding that the "particularity

requirement of Rule 9(b) applies to all claims that sound in fraud, regardless of whether those claims are grounded in state or federal law"); see also *Stires v. Carnival Corp.,* 243 F.Supp.2d 1313, 1322 (M.D.Fla.2002) ("Most courts construing claims alleging violations of the Federal Deceptive Trade Practices Act or its state counterparts have required the heightened pleading standard requirements of Rule 9(b)."); *Vess v. Ciba-Geigy Corp. USA,* 317 F.3d 1097, 1108 (9th Cir.2003) ("Where, as here, the averments in the complaint necessarily describe fraudulent conduct, Rule 9(b) applies to those averments."). Defendants have failed to satisfy such pleading requirement both in their Fourth Affirmative Defense and those portions of the Defendants' Counterclaim upon which they rely to support such defense.

"To comply with Rule 9(b), the Eleventh Circuit requires a complaint to set forth (1) precisely what statements were made in what documents or oral representations or what omissions were made, (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same, (3) the content of such statements and the manner in which they misled the plaintiff, and (4) what the defendants obtained as a consequence of the fraud." *W. Coast Life Ins. Co. v. Life Brokerage Partners LLC*, 08-80897-CIV, 2009 WL 2957749, at *7 (S.D. Fla. Sept. 9, 2009) (citing *Ziemba v. Cascade Int'l. Inc.*, 156 F.3d 1994, 1202 (11th Cir. 2001)). Defendants have failed to allege any facts with such requisite specificity to maintain its defense of unclean hands predicated upon Plaintiffs' alleged fraudulent "scheme" as summarily claimed by Defendants. Accordingly, the defense must be stricken.

V. **Defendants' Sixth Affirmative Defense (Unlawful Actions) Is Insufficient as a Matter of Law**

Defendants' sixth affirmative defense alleges that Plaintiffs engaged in unlawful actions including conduct which Defendants allege was in violation of FDUTPA. Such defense is conclusory, insufficiently pled and fails to admit, deny, justify or avoid Plaintiffs' claims. As

discussed above in relation to Defendants' Fourth Affirmative Defense, Defendants fail to plead the alleged fraudulent behavior underlying their sixth affirmative defense with the requisite specificity as required by *Rule 9,* Fed. R. Civ. P. To state a defense under the Florida Deceptive and Unfair Trade Practices Act ("FDUPTA"), Defendants must allege: "(1) a deceptive act or unfair practice; (2) causation, and; (3) actual damages." *Randolph v. J.M. Smucker Co.*, No. 13-80581-CIV, 2014 WL 1018007 at *4 (S.D. Fla. Mar. 14, 2014) (citing *Mantz v. TRS Recovery Servs., Inc.*, 11–80580–CIV, 2011 WL 5515303 at *2 (S.D. Fla. Nov.8, 2011)); *see also KC Leisure, Inc. v. Haber*, 972 So.2d 1069, 1073 (Fla. 5th DCA 2008). Defendants fail to set forth the elements of this defense with the requisite specificity required by *Rule 9,* Fed. R. Civ. P.  In fact, in an effort to conceal such pleading deficiency, as a factual basis for such defense, Defendants merely claim that the alleged "unlawful actions" are reflected in the entirety of Defendants Second Amended Counterclaim and Third-Party Claims. Defendants incorporation of the entirety of its Second Amended Counterclaim and Third Party Claims is not only improper, but it fails to provide the requisite notice to Plaintiffs of the specific allegations upon which Defendants rely to support their sixth affirmative defense. According, this defense must be stricken. Moreover, at no point in Defendants' pleadings do Defendants allege any *actual* damages.  Defendants' FDUPTA defense is insufficient as a matter of law and must be stricken.

    **VI.**    **Defendants' Seventh Affirmative Defense (Fraudulent Misrepresentation) Is Insufficient as a Matter of Law.**

Defendants' seventh affirmative defense must be stricken because it is not alleged with the requisite specificity and lacks any factual support. To state a fraudulent misrepresentation defense, Defendants must allege with the requisite level of particularity: "(1) a false statement concerning a material fact; (2) the representor's knowledge that the representation is false; (3) an intention that the representation induce another to act on it, and; (4) consequent injury by the party acting in

reliance on the representation." *Lobegeiger v. Celebrity Cruises, Inc.*, 869 F. Supp. 2d 1356, 1366 (S.D. Fla. 2012) (citing *Butler v. Yusem*, 44 So.3d 102, 105 (Fla. 2010)); Fed. R. Civ. P. 9(b). In the instant case, Defendants cite to eighty five (85) of the allegations contained in their Second Amended Counterclaim as support for this defense. Notwithstanding the fact that most of the allegations cited in support of this defense are entirely irrelevant to the elements necessary to state a prima facie defense of fraudulent misrepresentation, some of Defendants allegations do assert that there were fraudulent statements made by "Rossi, both in his individual capacity and as the representative of Leonardo, and Johnson, both in his individual capacity and as the representative of JMP." (DE:30, ¶74, 75, 135, 137). With the exception of one email alleged to be made by Rossi, Defendant IH fails to specifically state (a) the specific alleged fraudulent statements that were purportedly made, (b) to whom such statements were made, (c) which individual and/or entity made such statement(s), and (d) what each such individual and/or entity obtained as a consequence of the fraud. *See Id.* "Where multiple parties are charged with fraud, the complaint must distinguish among defendants and specify their respective roles in the fraud." *Leisure Founders, Inc.* v. *CUC Intern., Inc.,* 833 F. Supp. 1562, 1575 (S.D. Fla. 1993). "It is a serious matter to charge a person with fraud and hence no one is permitted to do so unless he is in a position and is willing to put himself on record as to what the alleged fraud consists of specifically. *Id.* Predicated upon the same authority cited above in relation to Defendants sixth affirmative defense, Defendants seventh affirmative defense lacks the requisite specificity and is therefore legally insufficient.

### VII. Defendants' Ninth Affirmative Defense (Merger, Integration and Ratification) Is Insufficient as a Matter of Law.

Defendants' ninth affirmative defense is insufficient as a matter of law as if fails to offer any justification, excuse or avoidance of Plaintiffs claims. To begin, Defendants fail to state which, if any, of Plaintiffs' claims the defense is directed to. Logically, the only claim which this defense

could apply to is Plaintiffs' claim for fraud in the inducement, yet this defense fails to provide an excuse, justification and/or avoidance of Plaintiffs' fraudulent inducement claim as a matter of law. "Under Florida law, the existence of a merger or integration clause, which purports to make oral agreements not incorporated into the written contract unenforceable, does not affect the oral representations which are alleged to have fraudulently induced a person to enter into the agreement." *TEC Serv, LLC v. Crabb*, 11-62040-CIV, 2013 WL 11326552, at *6 (S.D. Fla. Jan. 23, 2013) (citing *McArthur Dairy, LLC v. McCowtree Brothers Dairy, Inc., et. al*, 09-62033-CIV, 2011 WL 2731283, at *4 (S.D. Fla. July 13, 2011). Accordingly, this defense must be stricken.

**VIII.   Defendants' Tenth Affirmative Defense (Speculative Damages) Is Insufficient as a Matter of Law.**

Defendants' tenth affirmative defense must be stricken because it is conclusory, unsupported by any facts and fails to admit, deny, avoid or justify Plaintiffs' claims. "An affirmative defense is generally a defense that, if established, requires judgment for the defendant even if the plaintiff can prove his case by a preponderance of the evidence." *Wright v. Southland Corp.*, 187 F.3d 1287, 1302 (11th Cir. 1999). Here, Plaintiffs have not sought, nor do they intend to seek, speculative damages and the damages sought in Plaintiffs' Complaint have accrued and are readily ascertainable. Notwithstanding, Defendants allege a purely conclusory allegation that Plaintiffs' claims are too speculative without providing any factual support for such assertion.

Specifically, Defendants fail to assert any factual support whatsoever for their claim that Plaintiffs' non-contractual damages claims are too speculative, nor do they even attempt to identify what element(s) of damages they believe to be speculative. Defendants fail to allege, for example, how or why Plaintiffs' damages for unjust enrichment, misappropriation of trade secrets and fraud and deceit are insufficiently stated despite statutory and common law support therefor. As a result of Defendants failure to provide any factual basis for their tenth affirmative defense, Defendants

have not provided Plaintiffs' with adequate notice of the particular grounds upon which this defense rests, but rather, Defendants simply erroneously conclude that the Plaintiffs damages are too speculative but then leave Plaintiffs to figure out how. Such pleading fails to satisfy the pleading requirements for affirmative defenses and must therefore be stricken.

## DEFENDANTS' COUNTERCLAIM

Plaintiffs, Andrea Rossi and Leonardo Corporation respectfully move this Court to Strike Paragraphs 126 through 133 of Defendants Second Amended Counterclaim as such material is immaterial, impertinent and scandalous and therefore properly stricken pursuant to *Rule 12(f)*, Fed. R. Civ. P.

### I.     Count II (Breach of Contract) – *Failure to Pay Taxes* Is Improper.

In its Counterclaim, Defendant IPH International, B.V. make numerous allegations for the sole purpose of harassing and embarrassing the Plaintiffs which, even if true, would have no relevance whatsoever to the facts at issue in this case. Specifically, Defendants allege, *inter alia,* that "it was well known that Rossi had taxation issues with the Italian government, which even led to him facing criminal tax charges in Italy," and that "upon information and belief, Leonardo and Rossi have not paid their federal taxes on payments made to them…" [DE: 50, ¶¶126, 132]. Such allegations are immaterial, impertinent, and/or scandalous matter alleged for the sole purpose of harassing and slandering Plaintiffs and therefore should not be permitted to remain.

Notwithstanding the fact that Defendants devote eight (8) paragraphs of their Second Amended Counterclaim to the Plaintiffs' alleged failure to pay taxes and prior tax issues, the Defendants specifically state that they "do not assert this breach as a basis to recover damages" from Plaintiffs. [DE: 50, ¶133]. This is because even if such allegation was true (it is not), such allegation would not give rise to a viable cause of action or defense. Moreover, any "tax issues"

14

**PERLMAN, BAJANDAS, YEVOLI & ALBRIGHT, P.L.**
200 South Andrews Avenue, Suite 600, Fort Lauderdale, Florida 33301 • (954) 566-7117
283 Catalonia Avenue, Suite 200, Coral Gables, Florida 33134 • (305) 377-0086

that the Plaintiffs may have had in the past would not be admissible in this proceeding, much less give rise to a claim or defense in this case. It is clear that the sole purpose of asserting such impertinent and scandalous allegations was to defame the Plaintiffs while hiding behind the litigation privilege as a shield. But for the instant case, and perhaps still, the clearly unsupported and defamatory statements made by Defendants would be actionable at law.

WHEREFORE, Plaintiffs respectfully request that this Court enter an Order striking Defendants' Affirmative Defenses 1, 2, 3, 4, 6, 7, 9 and 10 or, alternatively, requiring Defendants to provide a more definite statement thereof; striking Paragraphs 126-133 of Defendants Second Amended Counterclaim as immaterial, irrelevant and scandalous matter; and granting any further relief the Court deems just and proper.

### CERTIFICATION OF COMPLIANCE WITH LOCAL RULE 7.1(a)(3)

The undersigned counsel hereby certifies that, in compliance with Rule 7.1(a)(3), Federal Rules of Civil Procedure, that undersigned counsel has conferred with counsel for Defendants in a good faith effort to resolve by agreement the issues raised in this Motion and the parties have been unable to resolve the issues raised herein.

Dated: September 23, 2016                     Respectfully submitted,

/s/ John W. Annesser
John W. Annesser (98233)
jannesser@pbyalaw.com
Brian W. Chaiken (118060)
bchaiken@pbyalaw.com
D. Porpoise Evans (576883)
pevans@pbyalaw.com
Paul D. Turner (0113743)
pturner@pbyalaw.com
PERLMAN, BAJANDAS, YEVOLI & ALBRIGHT, P.L.
283 Catalonia Avenue, Suite 200
Coral Gables, FL 33134
Telephone: (305) 377-0086
Facsimile: (305) 377-0781
*Counsel for Plaintiffs*

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on September 23, 2016, I electronically filed the foregoing motion with the Clerk of the Court using CM/ECF.  Copies of the foregoing document will be served upon interested counsel either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

       /s/John W. Annesser
       John W. Annesser

**SERVICE LIST**

Christopher R.J. Pace (FBN 0721166)
Christopher Lomax (FBN 56220)
Christina T. Mastrucci (FBN 113013)
JONES DAY
Brickell World Plaza
600 Brickell Avenue, Suite 3300
Miami, FL 33131
Tel.: 305.714.9700
Fax: 305.714.9799
crjpace@jonesday.com
clomax@jonesday.com
cmastrucci@jonesday.com
*Attorneys for Defendants*

**Service:** *Via CM/ECF*

Fernando S. Aran (FBN 349712)
ARAN, CORREA & GUARCH, P.A.
255 University Drive
Coral Gables, FL 33134-6732
Tel.: 305-665-3400
Fax: 305-665-2250
faran@acg-law.com

**Service:** *Via CM/ECF*