UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:16-cv-21199-CMA

ANDREA ROSSI and LEONARDO
CORPORATION,

        Plaintiffs,

v.

THOMAS DARDEN; John T. Vaughn;
INDUSTRIAL HEAT, LLC; IPH
INTERNATIONAL B.V.; and CHEROKEE
INVESTMENT PARTNERS, LLC,

        Defendants.

_____/

**PLAINTIFFS/COUNTER-DEFENDANTS' MOTION TO DISMISS
DEFENDANTS' AMENDED COUNTERCLAIMS
<u>AGAINST PLAINTIFFS AND MEMORANDUM OF LAW</u>**

**TABLE OF CONTENTS**

**PAGE(S)**

TABLE OF AUTHORITIES ................................................................................................. i

I.   INTRODUCTION ................................................................................................. 1

II.  RELEVANT FACTUAL ALLEGATIONS IN THE AMENDED
COUNTERCLAIM AND EXHIBITS THERETO ...................................................... 2

LEGAL STANDARD ........................................................................................................ 4

ARGUMENT ................................................................................................................... 5

    1.  Count I: Breach of Contract .............................................................................. 5

        a.  IH Lacks the Requisite Standing .................................................................. 5

        b.  Count I Fails to State a Cause of Action for Breach of Contract ..................... 6

    2.  Count II: Breach of Contract (Various Provisions) ............................................... 8

        a.  Covenant Not to Compete ............................................................................ 8

        b.  Failure to Pay Taxes ................................................................................... 11

    3.  Count III: Fraudulent Inducement .................................................................... 13

    4.  Count IV: Florida Deceptive and Unfair Trade Practices Act ............................. 14

        a.  Industrial Heat, LLC Lacks Standing on Claims Relating to License
Agreement. .............................................................................................. 15

        b.  Count IV Impermissibly Recasts Breach of Contract Claims in Tort .............. 16

        c.  Defendants Fail to Satisfy the Rule 9(b) Heightened Pleading
Requirements ........................................................................................... 16

III. CONCLUSION ................................................................................................. 18

i

# TABLE OF
# AUTHORITIES

## CASES

Page(s)

*Abbot Labs., Inc. v. Gen. Elec. Capital,*
765 So.2d 737 (Fla. Dist. Ct. App. 2000) ..................................................6

*Am. Boxing & Athletic Ass'n v. Young,*
911 So.2d 862 (Fla. 2d DCA 2005) .........................................................16

*APR Energy, LLC v. Pakistan Power Resources, LLC,*
653 F. Supp. 2d 1227 (M.D. Fla. 2009) ...................................................11

*Ashcroft v. Iqbal,*
556 U.S. 662 (2009) .................................................................4, 7, 8

*Ashmore v. F.A.A.,*
2011 WL 3915752 (S.D. Fla. Sept. 2, 2011) ..............................................4

*Bell Atl. Corp. v. Twombly,*
550 U.S. 544 (2007) ......................................................................4

*Burger King Corp. v. Huynh,*
2011 WL 6190163 (S.D. Fla. Dec. 5, 2011) ..............................................6

*Casey v. Florida Coastal Sch. of L., Inc.,*
2015 WL 10096084 (M.D. Fla. Aug. 11, 2015) ...........................................7

*Casey v. Florida Coastal Sch. of L., Inc.,*
2015 WL 10818746 (M.D. Fla. Sept. 29, 2015) .......................................7, 14

*Chandler v. Sec. of Florida Dept. of Transp.,*
695 F.3d 1194 (11th Cir. 2012) ...........................................................11

*Coutant v. U.S., Dep't of Treasury, I.R.S.,*
2002 WL 34382737 (S.D. Fla. Feb. 27, 2002)........................................12-13

*Crowley Liner Servs., Inc. v. Transtainer Corp.,*
2007 WL 433352 (S.D.Fla. Feb. 6, 2007) ................................................16

*E & C Copiers Export Import Corp. V. Arizs Fotocopiandras S.A.S.,*
2015 WL 7720604 (S.D. Fla. Nov. 30, 2015)………………………………………..17

PERLMAN, BAJANDAS, YEVOLI & ALBRIGHT, P.L.
200 SOUTH ANDREWS AVENUE, SUITE 600, FORT LAUDERDALE, FLORIDA 33301 • (954) 566-7117
283 CATALONIA AVENUE, SUITE 200, CORAL GABLES, FLORIDA 33134 • (305) 377-0086

**TABLE OF
AUTHORITIES**

**CASES
CONTINUED**                                                    **Page(s)**

*Ferrara v. LCS Fin. Services Corp.,*
2015 WL 84703 (M.D. Fla. Jan. 7, 2015) ...................................................................17

*Guarisma v. Microsoft Corp.,*
2016 WL 4017196 (S.D. Fla. July 26, 2016) ...............................................................4

*In re Garcia,*
2002 WL 31409580 (S.D. Fla. Sept. 6, 2002)…………………………………………...…12

*Jackson v. Guardian Life Ins. Co. of Am.,*
2008 WL 2439796 (M.D. Fla. June 13, 2008) .............................................................5

*Kaye v. Ingenio, Filiale De Loto-Quebec, Inc.,*
2014 WL 2215770 (S.D. Fla. May 29, 2014) ...............................................................16

*Leisure Founders, Inc. v. CUC Intern., Inc.,*
833 F. Supp. 1562 (S.D. Fla. 1993) ............................................................................14

*Llado-Carreno v. Guidant Corp.,*
2011 WL 705403 (S.D. Fla. Feb. 22, 2011) ................................................................14

*M.C. Dean, Inc. v. City of Miami Beach, Florida,*
2016 WL 4179807 (S.D. Fla. Aug. 8, 2016) ..............................................................4, 7

*McNeely v. Berk,*
2011 WL 5358057 (M.D. Fla. Oct. 31, 2011)...............................................................5

*Persaud v. Bank of Am., N.A.,*
2014 WL 4260853 (S.D. Fla. Aug. 28, 2014) ..............................................................13

*Picazio v. Melvin K. Silverman and Associates, P.C.,*
965 F. Supp. 2d 1411 (S.D. Fla. 2013) .......................................................................12

*Price v. RLI Ins. Co.,*
914 So. 2d 1010 (Fla. 5th DCA 2005) .........................................................................5

*Sierra Equity Group, Inc. v. White Oak Equity Partners, LLC,*
650 F. Supp.2d 1213 (S.D. Fla. 2009) .........................................................................5

PERLMAN, BAJANDAS, YEVOLI & ALBRIGHT, P.L.
200 SOUTH ANDREWS AVENUE, SUITE 600, FORT LAUDERDALE, FLORIDA 33301 • (954) 566-7117
283 CATALONIA AVENUE, SUITE 200, CORAL GABLES, FLORIDA 33134 • (305) 377-0086

# TABLE OF
# AUTHORITIES

## CASES CONTINUED

Page(s)

*Sinaltrainal v. Coca-Cola Co.,*
578 F.3d 1252 (11th Cir. 2009) .................................................................4

*Stires v. Carnival Corp.,*
243 F.Supp.2d 1313 (M.D.Fla.2002) ..................................................14, 15

*United States v. Barnes,*
509 F. App'x 837 (11th Cir. 2012)...........................................................12

*United States v. Rodgers,*
461 U.S. 677 (1982)…………………………………………….……………12

*Vess v. Ciba–Geigy Corp. USA,*
317 F.3d 1097 (9th Cir.2003) .................................................................15

*W. Coast Life Ins. Co. v. Life Brokerage Partners LLC,*
2009 WL 2957749 (S.D. Fla. Sept. 9, 2009) ...........................................13

*Ziemba v. Cascade Int'l. Inc.,*
156 F.3d 1994 (11th Cir. 2001) ..............................................................13

# OTHER
# AUTHORITIES

Rule 8, Fed. R.Civ.P.................................................................................8
Rule 9(b), Fed. R.Civ.P...................................................................*passim*
Rule 12(b)(6), Fed.R.Civ.P.......................................................................1

PERLMAN, BAJANDAS, YEVOLI & ALBRIGHT, P.L.
200 SOUTH ANDREWS AVENUE, SUITE 600, FORT LAUDERDALE, FLORIDA 33301 • (954) 566-7117
283 CATALONIA AVENUE, SUITE 200, CORAL GABLES, FLORIDA 33134 • (305) 377-0086

Plaintiffs, Andrea Rossi ("ROSSI") and Leonardo Corporation ("LEONARDO"), by and through their undersigned counsel, pursuant to Rule 12(b)(6), Fed. R. Civ. P., move this Court for the entry of an Order dismissing the Second Amended Counterclaim filed by Defendants Industrial Heat, LLC ("IH") and IPH International, B.V. ("IPH"), and state:

## I.   <u>INTRODUCTION</u>

On April 5, 2016, Plaintiffs ROSSI and LEONARDO were forced to commence the above styled lawsuit as a result of, *inter alia,* Defendants IH and IPH's breach of a provision of the parties' License Agreement which required IH (and assignee IPH) to pay to Plaintiffs Eighty-Nine Million Dollars ($89,000,000.00). *See* (DE:1). The aforementioned payment `came due after a nearly yearlong operational test conducted by a mutually agreed upon independent third party expert. (DE:1, ¶67) (DE:50, ¶56). During such test, Defendants had two full time representatives present at all times relevant thereto. (DE:1, ¶67) (DE:50). In and untenable third attempt to justify their non-payment, Defendants IH and IPH filed their Second Amended Counterclaim and Third Party claims alleging that Plaintiffs breached the License Agreement and committed other non-contract related offenses. *See* (DE:50). Moreover, as a red-herring, Defendants IH and IPH assert claims against most of the persons and/or entities involved in the testing of the underlying licensed technology including, but not limited to, IH's own consultant and the independent third party expert selected by IH to evaluate the licensed technology. (DE:50).

A plain reading of the Defendant's Counterclaim demonstrates that the Defendants themselves are unable to distinguish between the rights, obligations and actions of IH as opposed to the rights, obligations and actions of IPH, its apparent alter ego. Despite Defendants'

PERLMAN, BAJANDAS, YEVOLI & ALBRIGHT, P.L.
200 South Andrews Avenue, Suite 600, Fort Lauderdale, Florida 33301 • (954) 566-7117
283 Catalonia Avenue, Suite 200, Coral Gables, Florida 33134 • (305) 377-0086

numerous factual misrepresentations,[1]  Defendants claims, as alleged in the Second Amended Counterclaim, are both factually and legally deficient and cannot stand as a matter of law.

For the reasons set forth below, Plaintiffs respectfully move this Court to dismiss the Amended Counterclaims.

## II.     RELEVANT FACTUAL ALLEGATIONS IN THE SECOND AMENDED COUNTERCLAIM AND EXHIBITS THERETO

Defendants IH and IPH allege that, consistent with IH's "guiding mission," IH entered into a "License Agreement" with LEONARDO and ROSSI in October 2012 related to the E-Cat device and formula developed by ROSSI. (DE:50, ¶1-2). Pursuant to the License Agreement, IH was granted "the exclusive right and license under the Patents and other E-Cat IP to develop, manufacture, make, have made, use, have used, offer to sell, have offered for sale, sell, have sold, import, and have imported all the products deriving from the E-Cat IP" in the territory limited to the Americas, China, Russia, Saudi Arabia and the Arabian Emirates. (License Agreement, §1). The License Agreement defines the E-Cat IP as "the patents, designs, trade secrets, technology, know-how,…products, and business plans and all other intellectual property related directly or indirectly to energy production and conversion technologies and to the development, manufacture and sale of products using such technologies, including the Energy Catalyzer ("E-Cat") the catalyzer formula used to fuel the E-Cat, the "Hot Cat" and related energy production and conversion technologies." *Id.* The total price for the granting of such license and purchase of one E-Cat plant was One Hundred Million Five Hundred Thousand Dollars ($100,500,000.00). (License Agreement §3.1). Notably, the License Agreement was only exclusive as to the licensed territories and recognized the existence of other licensees for different regions throughout the world including, but not limited to, Northern Europe, Australasia, Africa, India, France, Italy,

---

[1]     Defendants' factual inaccuracies are not properly considered in a Motion to Dismiss and therefore will not be discussed herein.

PERLMAN, BAJANDAS, YEVOLI & ALBRIGHT, P.L.
200 South Andrews Avenue, Suite 600, Fort Lauderdale, Florida 33301 • (954) 566-7117
283 Catalonia Avenue, Suite 200, Coral Gables, Florida 33134 • (305) 377-0086

Austria, Germany and Greece, to name a few. (License Agreement, *Exhibit "D"*).

Pursuant to the License Agreement, IH made its initial installment payment of One Million Five Hundred Thousand Dollars ($1,500,000.00) in October 2012. (Defendants' Amended Counterclaim, DE:50, ¶4). Thereafter, on or about April 29, 2013, IH purportedly "assigned its rights under the License Agreement to IPH." (DE:50, ¶48). Pursuant to such assignment, IH assigned to IPH "all right, title and interest of [IH] in and to the [License] Agreement" and IPH represented that IPH "accepts the assignment of the Agreement and assumes all of Assignor's obligations under the Agreement." (DE:50, Exhibit "7"). Notably, the Assignment and Assumption of License Agreement did not reserve any interest in the License Agreement to IH. *See Id.* Thereafter, Plaintiffs successfully completed a 24 hour validation test of the licensed technology, and transferred "all of the E-Cat IP to Industrial Heat and IPH" in accordance with the terms of the License Agreement. (DE:50, ¶57, 60). After the conclusion of the successful test, IH and/or IPH paid into escrow the second installment of Ten Million Dollars ($10,000,000.00).

Following the conclusion of the validation test, the E-Cat Plant was delivered to a location in Miami, Florida to be operated and for further testing pursuant to a separate agreement between Plaintiffs, Defendant IH and Third Party Defendant J.M. Products, Inc., referred to as the "Term Sheet". (DE:50, ¶75). During the E-Cat Plant's operations in Miami, Defendant FABIO PENON ("Penon") conducted the Guaranteed Performance test. (DE:50, ¶90). Inexplicably, Defendants now make two irreconcilable claims, (1) they deny that the test carried out by Penon was the Guaranteed Performance to which they agreed upon, while (2) complaining that the E-Cat Plant did not "perform up to the standards set forth in the License Agreement" for the very same Guaranteed Performance test. (DE:50, ¶84).

3

PERLMAN, BAJANDAS, YEVOLI & ALBRIGHT, P.L.

200 South Andrews Avenue, Suite 600, Fort Lauderdale, Florida 33301 • (954) 566-7117
283 Catalonia Avenue, Suite 200, Coral Gables, Florida 33134 • (305) 377-0086

Finally, in a last desperate attempt to wrongfully avoid their obligation to pay Plaintiffs Eighty-Nine Million Dollars ($89,000,000.00), Defendants now also complain that the "methodologies being used [by Penon] to measure those operations…were fatally flawed" notwithstanding the fact that Defendants IH, IPH and Darden approved the now contested methodology. (DE:50, ¶82); *see also* (License Agreement, §4).

## LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Guarisma v. Microsoft Corp.*, No. 15-24326-CIV, 2016 WL 4017196, at *2 (S.D. Fla. July 26, 2016) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009)). "Pleadings must contain more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *M.C. Dean, Inc. v. City of Miami Beach, Florida*, No. 16-21731-CIV, 2016 WL 4179807, at *3 (S.D. Fla. Aug. 8, 2016) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555, 127 S.Ct. 1955 (2007)(quotations omitted). "The mere possibility the defendant acted unlawfully is insufficient to survive a motion to dismiss." *Id.* (citing *Sinaltrainal v. Coca–Cola Co.*, 578 F.3d 1252, 1261 (11th Cir.2009)). As cited by Defendants, "pleadings that are no more than conclusions, are not entitled to the assumption of truth." *See* (DE:17, pg. 4) (citing *Ashmore v. F.A.A.*, 2011 WL 3915752, at *2 (S.D. Fla. Sept. 2, 2011) (quoting *Iqbal*, 556 U.S. at 678)).

**PERLMAN, BAJANDAS, YEVOLI & ALBRIGHT, P.L.**
200 South Andrews Avenue, Suite 600, Fort Lauderdale, Florida 33301 • (954) 566-7117
283 Catalonia Avenue, Suite 200, Coral Gables, Florida 33134 • (305) 377-0086

## ARGUMENT

1.    **Count I: Breach of Contract**

    a.    <u>IH Lacks the Requisite Standing:</u>

Count I of the Second Amended Counterclaim attempts to state a claim on behalf of both Defendant IH and Defendant IPH predicated upon the Plaintiffs' alleged breach of the License Agreement. (DE:50, p. 50). In Florida, "[t]here are three requirements for standing: (1) injury in fact, which means an invasion of a legally protected interest that is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical; (2) a causal relationship between the injury and the challenged conduct, which means that the injury fairly can be traced to the challenged action of the defendant; and (3) the likelihood that the injury will be redressed by a favorable decision." *McNeely v. Berk*, 510-CV-682-OC-37TBS, 2011 WL 5358057, at \*6 (M.D. Fla. Oct. 31, 2011). Pursuant to the Amended Counterclaim and exhibits thereto, on or about April 29, 2013 IH assigned all of its "rights, title and interest" in the License Agreement to IPH. (DE:50, ¶48), *see also* (Exhibit "7"). Notably, the Assignment and Assumption of License Agreement executed by and between IH and IPH is quiet as to any reservation of rights to IH of any sort. *Id.* As such, upon IH's execution of the Assignment and Assumption of License Agreement, IH was divested of any legally protected interest in the underlying License Agreement. Accordingly, IH lacks any contractual privity, or beneficial interest, arising from the License Agreement which is necessary to confer the standing necessary to maintain a cause of action based upon such agreement.

It is well settled that "[a]n assignment is a transfer of all the interests and rights to the thing assigned. *Sierra Equity Group, Inc. v. White Oak Equity Partners, LLC,* 650 F. Supp.2d 1213 (S.D. Fla. 2009); *see also Price v. RLI Ins. Co.,* 914 So. 2d 1010, 1013–14 (Fla. 5th DCA 2005) ("[b]ecause an assignment vests in the assignee the right to enforce the contract, an assignor retains

no rights to enforce the contract after it has been assigned"). Under Florida law, "[f]ollowing an assignment, the assignee stands in the shoes of the assignor and the assignor retains no rights to enforce the contract at all." *Id.*; *Jackson v. Guardian Life Ins. Co. of Am.*, 608-CV-753-ORL-19GJK, 2008 WL 2439796, at *3 (M.D. Fla. June 13, 2008). Having divested itself of any and all rights, title and/or interest in the License Agreement, IH lacks the requisite standing to assert an alleged breach of such agreement. Accordingly, IH's claims relating to Count I must be dismissed.

   b. <u>Count I Fails to State a Cause of Action for Breach of Contract</u>

  "To state a claim for breach of contract a plaintiff must allege: (1) the existence of a contract; (2) a material breach of that contract; and (3) damages resulting from the breach." *Burger King Corp. v. Huynh*, No. 11-22602-CIV, 2011 WL 6190163, at *5 (S.D. Fla. Dec. 5, 2011) (internal quotations omitted). Count I of Defendants Second Amended Counterclaim fails to state a claim because it fails to sufficiently allege specific provisions of the License Agreement that were allegedly breached.  *See Abbot Labs., Inc. v. Gen. Elec. Capital*, 765 So.2d 737, 740 (Fla. 5th DCA 2000). Although Count I references §3.2(b) of the License Agreement which provides, in pertinent part, that "[o]n the date the Escrow Agent pays the $10,000,000.00 to Leonardo, the License will commence and Leonardo and Rossi will immediately transfer, and the Validation Agent…will deliver to the Company all E-Cat IP," the Defendants fail to allege that Plaintiffs did not comply with this provision. (DE:50, ¶¶93-99). In fact, rather than alleging that Plaintiffs have breached §3.2(b) of the License Agreement, because they cannot, Defendants merely suggest that one might conclude that Defendants' failed attempts to replicate Plaintiffs work could be explained if Defendants were not provided all of the E-Cat IP. *Id.*

  Count I is entirely based upon Defendants untenable claim that "[o]nly one of three conclusions can be drawn from the foregoing facts: 1) Leonardo and Rossi did not transfer and

deliver all E-Cat IP to Counter-Plaintiffs; 2) Validation was never achieved and Penon's reported COP calculations were false; or 3) both." (DE:50, ¶97). Amazingly, Defendants further allege that "[e]ach of these scenarios leads to only one conclusion: Leonardo and Rossi breached the terms of the License Agreement…" (DE:50, ¶98). "The mere possibility [a party] acted unlawfully is insufficient to survive a motion to dismiss." *M.C. Dean, Inc.*, 2016 WL 4179807, at *3.

Notwithstanding Defendants untenable and conclusory allegation that "only one of three conclusions can be drawn," logic dictates that additional conclusions could just as easily be drawn from the same set of alleged facts which do not constitute a breach of the License Agreement by the Plaintiffs. As an example, the Court could also infer that Defendants failure to replicate the results achieved by the independent expert could be attributable to (a) Defendants' failure to follow the instructions and formula contained in the E-Cat IP; (b) Defendants' intentional sabotage in an effort to avoid having to pay Plaintiffs Eighty-Nine Million Dollars; (c) Defendants' mere scientific incompetence; (d) Defendants' use of substandard quality components and materials; (e) Defendants' failure to properly measure the energy input and output; and/or a litany of other equally likely possibilities.

Where, as here, "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not "show[n]"—"that the pleader is entitled to relief." *Iqbal at* 556 U.S. 679. "Factual allegations that are merely consistent with a defendant's liability, however, are not facially plausible." *Casey v. Florida Coastal Sch. of L., Inc.*, 3:14-CV-1229-J-39PDB, 2015 WL 10096084, at *8 (M.D. Fla. Aug. 11, 2015), report and recommendation adopted, 3:14-CV-01229, 2015 WL 10818746 (M.D. Fla. Sept. 29, 2015). The only factual allegation set forth in support of Count I is that Defendants have been unable to successfully replicate the results of the independent expert, the remaining allegations are mere

PERLMAN, BAJANDAS, YEVOLI & ALBRIGHT, P.L.
200 South Andrews Avenue, Suite 600, Fort Lauderdale, Florida 33301 • (954) 566-7117
283 Catalonia Avenue, Suite 200, Coral Gables, Florida 33134 • (305) 377-0086

conjecture and speculation. *See* (DE:50, ¶93-99). As aptly stated by the Supreme Court in *Ashcroft v. Iqbal,* "Rule 8…does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal* at 556 U.S. 678–79.

Furthermore, despite Defendants' allegation they have been unable to "generate measureable excess energy", Defendants freely acknowledge that numerous third parties have been successful in generating an energy multiplier (COP) ranging from COP 2.6 to COP 10.85. (DE:50, ¶57, 58, 68). Absent an express allegation of the nature of the alleged breach of the License Agreement, as opposed to Defendants' self-serving conjecture, Count I must be dismissed for its failure to set forth facts establishing the necessary elements of a cause of action for breach of contract.

### 2. Count II: Breach of Contract (Various Provisions)

Count II of Defendants' Second Amended Counterclaim asserts that Plaintiffs have breached the License Agreement by (a) breaching the confidentiality provisions therein; (b) failing to assign licensed patents to IPH; (c) failing to consult with IH or IPH regarding all Patent Applications; (d) violating the alleged covenant not to compete, and (e) failing to pay taxes. *See* (DE:50, ¶¶100-133). Despite the fact that Count II of the Second Amended Counterclaim is replete with misstatements and factual inaccuracies, Plaintiffs only seek dismissal of claims (d) and (e) above for the reasons set forth below.

#### a. Covenant Not to Compete

Defendant IPH alleges, in pertinent part, that ROSSI and LEONARDO have breached the non-compete provision of the license agreement. *Id.* Specifically, Defendant IPH alleges that "[s]ince at least the filing of their Complaint…Leonardo and Rossi have been open in broadcasting that they are engaged in designing and developing what are classified as 'E-Cat Products' under the License Agreement." *Id. at ¶122.* Furthermore, Defendant IPH alleges that

PERLMAN, BAJANDAS, YEVOLI & ALBRIGHT, P.L.
200 South Andrews Avenue, Suite 600, Fort Lauderdale, Florida 33301 • (954) 566-7117
283 Catalonia Avenue, Suite 200, Coral Gables, Florida 33134 • (305) 377-0086

ROSSI and LEONARDO "are doing so in combination with a company or companies unaffiliated with IPH." *Id.* Assuming, arguendo, that the non-compete agreement was valid and enforceable, and that the aforementioned allegations were true, the allegations contained in the Amended Counterclaim fail to state a breach of the plain terms of the License Agreement. Specifically, the terms of the non-compete agreement are as follows:

> For as long as Company or any of its subsidiaries is engaged in any business related to the E-Cat Products and Leonardo, Rossi or any Affiliate of Leonardo own any of the Company's equity ownership interests or Leonardo, Rossi or any Affiliate are performing services for the Company or such transferee (whether as an employee, consultant or otherwise and specifically including the period of services required by Section 13.1) and for an additional period of two (2) years after the last of Leonardo, Rossi or such Affiliate shall have ceased to provide such services, none of Leonardo, Rossi or any of their Affiliates will (except as an officer, director, stockholder, employee, agent or consultant of the Company or such subsidiary of the Company) directly or indirectly own, manage, operate, join, or have a financial interest in, control or participate in the ownership, management, operation or control of, or be employed or engaged as an employee, agent or consultant, or in any other individual or representative capacity whatsoever, or use or permit their names to be used in connection with, or be otherwise connected in any manner   with any business or enterprise (a) engaged in the design, development, manufacture, distribution, lease, rental or sale of any E-Cat Products, or the provision of any services related thereto or (b) which is competitive with the E-Cat Products, unless Leonardo or such Affiliate shall have obtained the prior written consent of the Company or such subsidiary of the Company, as the case may be. In the event of termination of this Agreement due to a breach by the Company, the Company and all its affiliates, employees, officers, directors, for two (2) years after the period of effectiveness of this agreement, will not be allowed to work for a competitor of Leonardo in the licensing or sale of products competing with the E-Cat Products. (License Agreement, §13.3)

Defendant IPH's sole allegation in support of its claim that ROSSI and/or LEONARDO breached §13.3 of the License agreement is that Plaintiffs were "engaged in designing and developing what are classified as 'E-Cat Products." This claim flies in the face of the clear and

unambiguous language of the License Agreement which clearly recognizes that (a) it was the parties intent that ROSSI and LEONARDO continue to develop new innovative products related to the E-Cat, and (b) ROSSI and LEONARDO were engaged in license agreements with other companies in Northern Europe, Australasia, Africa, India, France, Benelux, Slovenia, Italia, Austria, Germany, Switzerland, Liechtenstein, Malta, Greece, the Balkans and Cyprus. *See* (License Agreement, §13.4 "After Acquired/Developed Assets, Intellectual Property Rights"); *see also* (License Agreement, Exhibit D "List of Exclusive Commercial Licenses"). In fact, Defendant IPH admits to encouraging Plaintiffs' development, modification and testing of the E-Cat and various E-Cat reactors. (DE:50, ¶62). Plainly stated, there is no prohibition in the non-compete provision against Rossi's continued research and development of the E-Cat technology.

As Defendant IPH is well aware, the License Agreement granted the licensee rights within a very specific and limited geographic territory. (License Agreement, §2). Amazingly, despite Defendant IPH's geographically limited licensed territory, IPH's knowledge of the existence of numerous other Licensees in other territories and Defendants' facilitation and encouragement of further development of the E-Cat technology, Defendant IPH nonetheless maintains that it is entitled to prevent ROSSI and LEONARDO from continuing their work globally. Notably, Defendant IPH has not alleged, nor can it, that Plaintiffs have undertaken any activity whatsoever in competition with Defendant IPH within the Defendants limited geographic territory. Accordingly, Defendant IPH has failed to set forth a prima facie claim for breach of the non-compete provision of the License Agreement and Count II as to this claim should be dismissed.

PERLMAN, BAJANDAS, YEVOLI & ALBRIGHT, P.L.
200 South Andrews Avenue, Suite 600, Fort Lauderdale, Florida 33301 • (954) 566-7117
283 Catalonia Avenue, Suite 200, Coral Gables, Florida 33134 • (305) 377-0086

   b.  <u>Failure to Pay Taxes:</u>

   Defendant IPH's allegations pertaining to Plaintiffs alleged "Failure to Pay Taxes"

amounts to nothing more than an improper and frivolous attempt by Defendants to cast Plaintiffs

in a bad light before the Court and otherwise defame Plaintiffs under the protection of the

litigation privilege. Even assuming, arguendo, the allegations made upon Defendant IPH's

"information and belief" were true (they are not), for the purposes of this motion, Defendant IPH

fails to allege facts sufficient to state a claim for relief that is plausible on its face. *See Chandler v.*

*Sec. of Florida Dept. of Transp.*, 695 F.3d 1194, 1198–99 (11th Cir. 2012). "In order to state a

claim for breach of contract under Florida law, Plaintiff must allege: "(1) a valid contract, (2) a

material breach, and (3) damages," as well as Plaintiffs "performance of its obligations under the

contract or a legal excuse for its nonperformance." *APR Energy, LLC v. Pakistan Power*

*Resources, LLC*, 653 F. Supp. 2d 1227, 1232 (M.D. Fla. 2009).

   As the basis for this claim, Defendant IPH relies upon its vexatious allegations that (a)

"on information and belief, Leonardo and Rossi have not paid their federal taxes on payments

made to them from Counter-Plaintiffs, and have not filed all tax returns or reports relating to

payments made to them from Counter-Plaintiffs" and (b) that "[p]rior to Leonardo and Rossi

entering into the License Agreement, it was well known that Rossi had taxation issues with the

Italian Government, which even led to him facing criminal charges in Italy. As a clear

acknowledgement that such allegations are improper and do not give rise to a cause of action,

Defendant IPH states that "Industrial Heat and IPH do not assert this breach as a basis to recover

damages… but reserve the right to assert this claim in the event a federal tax lien is issued

affecting Industrial Heat and/or IPH's assets or rights under the License Agreement." [DE: 50,

¶133]. There can be no doubt that such allegations, set forth in Defendant IPH's Second

PERLMAN, BAJANDAS, YEVOLI & ALBRIGHT, P.L.

200 South Andrews Avenue, Suite 600, Fort Lauderdale, Florida 33301 • (954) 566-7117
283 Catalonia Avenue, Suite 200, Coral Gables, Florida 33134 • (305) 377-0086

Amended Counterclaim, were included for improper purposes and do not give rise to a viable cause of action.

Despite Defendant IPH's admission that it has not been damaged as of this time, IPH attempts to "reserve the right" to claim damages in the event that a tax lien is issued. [DE:50, ¶133]. Even assuming, *arguendo*, that a tax lien could attach to the Defendants' interest in the E-Cat IP at some point in the future, contrary to well settled law, such claim would be barred at this time by the ripeness doctrine as the claim is premature. "The ripeness doctrine protects federal courts from engaging in speculation or wasting their resources through the review of potential or abstract disputes. *Picazio v. Melvin K. Silverman and Associates, P.C.,* 965 F. Supp. 2d 1411, 1415 (S.D. Fla. 2013).

Notwithstanding the fact that Defendant IPH's allegations are unripe at best, the allegations contained in the Second Amended Counterclaim could never give rise to a cause of action against Plaintiffs. The United States Supreme Court has made clear that a federal tax lien does not "extend beyond the property interests held by the delinquent taxpayer." *United States v. Rodgers*, 461 U.S. 677, 690–91 (1982).  The lien attaches to property that the taxpayer owns at the time the tax liability is assessed and to property acquired thereafter.  *United States v. Barnes*, 509 F. App'x 837, 840 (11th Cir. 2012).  A tax lien is assessed "at the time liability is determined." *In re Garcia*, No. 01-945-CIV, 2002 WL 31409580, at *4 (S.D. Fla. Sept. 6, 2002). Accordingly, "a tax lien cannot attach to any property interest that was transferred before the assessment." *Coutant v. U.S., Dep't of Treasury, I.R.S.*, No. 00-14163CV, 2002 WL 34382737, at *4 (S.D. Fla. Feb. 27, 2002). Accordingly, Defendant can never satisfy the damage element necessary to state a claim for breach of contract based upon such allegations. The allegations and/or claims related to the Plaintiffs alleged "*Failure to Pay Taxes*" were clearly made for improper purposes and the

PERLMAN, BAJANDAS, YEVOLI & ALBRIGHT, P.L.

200 South Andrews Avenue, Suite 600, Fort Lauderdale, Florida 33301 • (954) 566-7117
283 Catalonia Avenue, Suite 200, Coral Gables, Florida 33134 • (305) 377-0086

allegations must be dismissed as immaterial, impertinent and improper.

### 3.  Count III: Fraudulent Inducement

Count III of Defendants' Second Amended Counterclaim alleges that Plaintiffs and others fraudulently induced Defendant Industrial Heat into entering into the "Term Sheet."(DE:50, ¶134-139). "To state a cause of action for fraudulent inducement, a plaintiff must plead: (1) the defendant made a false statement about a material fact; (2) the defendant knew the statement was false when he made it or was without knowledge of its truth or falsity; (3) the defendant intended that the plaintiff rely and act on the false statement; and (4) the plaintiff justifiably relied on the false statement to his detriment." *Persaud v. Bank of Am., N.A.*, 14-21819-CIV, 2014 WL 4260853, at *12 (S.D. Fla. Aug. 28, 2014) (internal citations omitted). "Under Federal Rule of Civil Procedure 9(b), a plaintiff must also plead the circumstances constituting fraud with particularity." *Id.* "To comply with Rule 9(b), the Eleventh Circuit requires a complaint to set forth (1) precisely what statements were made in what documents or oral representations or what omissions were made, (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same, (3) the content of such statements and the manner in which they misled the plaintiff, and (4) what the defendants obtained as a consequence of the fraud." *W. Coast Life Ins. Co. v. Life Brokerage Partners LLC*, 08-80897-CIV, 2009 WL 2957749, at *7 (S.D. Fla. Sept. 9, 2009) (citing *Ziemba v. Cascade Int'l. Inc.*, 156 F.3d 1994, 1202 (11th Cir. 2001)).

In the instant case, Defendant IH alleges numerous statements which Defendant IH attributes collectively to "Rossi, both in his individual capacity and as the representative of Leonardo, and Johnson, both in his individual capacity and as the representative of JMP." (DE:50, ¶¶74, 75, 135, 137).  With the exception of one email alleged to have been made by

Rossi, Defendant IH fails to specifically allege (a) the specific alleged fraudulent statements that were purportedly made, (b) to whom such statements were made, (c) which individual and/or entity made such statement(s), and (d) what each such individual and/or entity obtained as a consequence of the fraud. *See Id*. "Where multiple parties are charged with fraud, the complaint must distinguish among defendants and specify their respective roles in the fraud." *Leisure Founders, Inc. v. CUC Intern., Inc.*, 833 F. Supp. 1562, 1575 (S.D. Fla. 1993). "It is a serious matter to charge a person with fraud and hence no one is permitted to do so unless he is in a position and is willing to put himself on record as to what the alleged fraud consists of specifically. *Id*. Plaintiffs submit that Defendant IH has failed to meet the heightened pleading requirements necessary to properly plead a claim for fraud, and that Count III should therefore be dismissed.

### 4.   Count IV: Florida Deceptive and Unfair Trade Practices Act

As its fourth claim against Plaintiffs, Defendants allege that Plaintiffs violated the Florida Deceptive and Unfair Trade Practices Act (hereafter "FDUTPA") arising from, in large part, the same alleged facts and circumstances set forth in Count III of the Second Amended Counterclaim for fraud. (DE:50, ¶140-148) "To establish a claim for damages under FDUTPA a plaintiff must show three elements: 1) a deceptive act or unfair practice; 2) causation; and 3) actual damages." *Casey v. Florida Coastal Sch. of L., Inc.*, 3:14-CV-01229, 2015 WL 10818746, at *2 (M.D. Fla. Sept. 29, 2015). Where, as here, the FDUTPA claims sound in fraud, the heightened pleading requirements of Rule 9(b) apply. *Llado-Carreno v. Guidant Corp.*, 09-20971-CIV, 2011 WL 705403, at *5 (S.D. Fla. Feb. 22, 2011) (finding that the "particularity requirement of Rule 9(b) applies to all claims that sound in fraud, regardless of whether those claims are grounded in state or federal law"); see also *Stires v. Carnival Corp.*, 243 F.Supp.2d 1313, 1322 (M.D.Fla.2002)

PERLMAN, BAJANDAS, YEVOLI & ALBRIGHT, P.L.

200 South Andrews Avenue, Suite 600, Fort Lauderdale, Florida 33301 • (954) 566-7117
283 Catalonia Avenue, Suite 200, Coral Gables, Florida 33134 • (305) 377-0086

("Most courts construing claims alleging violations of the Federal Deceptive Trade Practices Act or its state counterparts have required the heightened pleading standard requirements of Rule 9(b).");  *Vess v. Ciba–Geigy Corp. USA,* 317 F.3d 1097, 1108 (9th Cir.2003) ("Where, as here, the averments in the complaint necessarily describe fraudulent conduct, Rule 9(b) applies to those averments.").

    a.   <u>Industrial Heat, LLC Lacks Standing on Claims Relating to License Agreement.</u>

As with Defendants' allegations in Count I and Count II of the Second Amended Counterclaim, Defendants again make no distinction between Industrial Heat, LLC. and IPH International, B.V. in Count IV by simply referring to the two parties jointly as "Counter-Plaintiffs". (DE:50, ¶140). In doing so, the Amended Counterclaim purports to assert identical claims on behalf of both entities despite the heightened pleading requirements of Rule 9(b) discussed more fully below. Moreover, as part of its claim, Defendant IH alleges that Plaintiffs undertook a fraudulent scheme manipulate the results of the Guaranteed Performance test in order to induce Defendants to pay Plaintiffs Eighty-Nine Million Dollars ($89,000,000.00) in accordance with the License Agreement. (DE:50, ¶143-146). To the extent such claims are based upon the License Agreement, including but not limited to allegations pertaining to the testing and operation of the E-Cat in accordance with the License Agreement, Defendant IH lacks standing to assert such claims as discussed in relation to Count I above. Similarly, Defendant IPH lacks standing to raise any claims in relation to the Term Sheet as Defendant IPH was not alleged to be a party to the Term Sheet nor a third party beneficiary thereof.

PERLMAN, BAJANDAS, YEVOLI & ALBRIGHT, P.L.

200 South Andrews Avenue, Suite 600, Fort Lauderdale, Florida 33301 • (954) 566-7117
283 Catalonia Avenue, Suite 200, Coral Gables, Florida 33134 • (305) 377-0086

    b.  <u>Count IV Impermissibly Recasts Breach of Contract Claims in Tort.</u>

The entirety of Defendants' claims alleged in Count IV relate to the parties contractual dealings. In Florida, parties to a contract may not recast their breach of contract claims as tort claims. *Kaye v. Ingenio, Filiale De Loto-Quebec, Inc.,* 2014 WL 2215770, at *4 (S.D. Fla. May 29, 2014). The allegations contained in Count IV of the Amend Counterclaim arise from the parties dealings pursuant to the License Agreement, Term Sheet and USQL Agreement. (DE:50, ¶146). In fact, Defendants specifically alleged that Plaintiffs "engaged in unconscionable, unfair and deceptive acts and practices" by "refusing to provide other information property requested by Counter-Plaintiffs, and to which Counter-Plaintiffs were entitled pursuant to the License Agreement, the Term Sheet, the USQL Agreement…" (DE:50, ¶146(e)). Notwithstanding, Defendants attempt to recast such contract claims as tort claims. Count IV under the Florida Deceptive and Unfair Trade Practices Act impermissibly sounds in tort. *See, e.g., Am. Boxing & Athletic Ass'n v. Young,* 911 So.2d 862, 865 (Fla. 2d DCA 2005) ("a tort claim under FDUTPA"); *Crowley Liner Servs., Inc. v. Transtainer Corp.,* No. 06–21995, 2007 WL 433352, at *5 (S.D.Fla. Feb. 6, 2007) ("The defendant's FDUTPA counterclaim sounds in tort."). Accordingly, Defendants' claims must be dismissed as Defendants are clearly attempting to improperly recast their contract claims as claims in tort under FDUTPA.

    c.  <u>Defendants Fail to Satisfy the Rule 9(b) Heightened Pleading Requirements.</u>

Defendants' Second Amended Counterclaim fails, as a matter of law, to plead, with the requisite specificity, each element of the Defendants' FDUTPA claims in that Defendants fail to state (a) the specific facts including time, date, place and person responsible for the alleged actions and/or inactions which Defendants' claim were misleading, (b) how such alleged actions

PERLMAN, BAJANDAS, YEVOLI & ALBRIGHT, P.L.

200 South Andrews Avenue, Suite 600, Fort Lauderdale, Florida 33301 • (954) 566-7117
283 Catalonia Avenue, Suite 200, Coral Gables, Florida 33134 • (305) 377-0086

and/or statements were misleading, and (d) and any allegations as to causation connecting the alleged misleading actions to any alleged damages. *Ferrara v. LCS Fin. Services Corp.*, 8:14-CV-2450- T-30AEP, 2015 WL 84703, at *3 (M.D. Fla. Jan. 7, 2015); see also *E & C Copiers Export Import Corp. V. Arizs Fotocopiandras S.A.S.,* 2015 WL 7720604, at *3 (S.D. Fla. Nov. 30, 2015). In pleading a claim under FDUTPA, it is necessary to plead not only the alleged wrongdoing, but also facts to establish the causation between the alleged wrongdoing and the alleged damages. *Id.* Defendants have failed to plead any such facts with the requisite specificity required pursuant to Rule 9(b). Similarly, since Defendants were required to plead damages as an element of its FDUTPA claim, Defendants unsupported allegation that Defendants "have suffered and continue to suffer actual damages…" lacks the requisite specificity and is insufficient as a matter of law. For the foregoing reasons, Count IV of Defendants' Amended Counterclaim should be dismissed.


**PAGE INTENTIONALLY LEFT BLANK**

PERLMAN, BAJANDAS, YEVOLI & ALBRIGHT, P.L.
200 South Andrews Avenue, Suite 600, Fort Lauderdale, Florida 33301 • (954) 566-7117
283 Catalonia Avenue, Suite 200, Coral Gables, Florida 33134 • (305) 377-0086

### III   <u>**CONCLUSION**</u>

For the foregoing reasons, this Court should dismiss Counts I, II, III and IV of Defendants Second Amended Counterclaim.

Respectfully submitted,

*/s/ John W. Annesser*
John W. Annesser, Esq. (98233)
jannesser@pbyalaw.com
Brian Chaiken, Esq. (118060)
bchaiken@pbyalaw.com
Paul D. Turner, Esq. (0113743)
pturner@pbyalaw.com
D. Porpoise Evans, Esq. (576883)
pevans@pbyalaw.com
PERLMAN, BAJANDAS,YEVOLI & ALBRIGHT, P.L.
283 Catalonia Avenue, Suite 200
Coral Gables, FL 33134
Telephone: (305) 377-0086
Facsimile: (305) 377-0781
*Counsel for Plaintiffs*

PERLMAN, BAJANDAS, YEVOLI & ALBRIGHT, P.L.
200 South Andrews Avenue, Suite 600, Fort Lauderdale, Florida 33301 • (954) 566-7117
283 Catalonia Avenue, Suite 200, Coral Gables, Florida 33134 • (305) 377-0086

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on September 29, 2016, I electronically filed the foregoing motion with the Clerk of the Court using CM/ECF.  Copies of the foregoing document will be served upon interested counsel either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.


  */s/ John W. Annesser*
John W. Annesser, Esq. (98233)

PERLMAN, BAJANDAS, YEVOLI & ALBRIGHT, P.L.

200 South Andrews Avenue, Suite 600, Fort Lauderdale, Florida 33301 • (954) 566-7117
283 Catalonia Avenue, Suite 200, Coral Gables, Florida 33134 • (305) 377-0086

## <u>SERVICE LIST</u>

Christopher R.J. Pace (FBN 0721166)
Christopher Lomax (FBN 56220)
JONES DAY
Brickell World Plaza
600 Brickell Avenue, Suite 3300
Miami, FL 33131
Tel.: 305.714.9700
Fax: 305.714.9799
crjpace@jonesday.com
clomax@jonesday.com
*Attorneys for Defendants*

Fernando S. Aran (FBN 349712)
ARAN, CORREA & GUARCH, P.A.
255 University Drive
Coral Gables, FL 33134-6732
Tel.: 305-665-3400
Fax: 305-665-2250
faran@acg-law.com

**PERLMAN, BAJANDAS, YEVOLI & ALBRIGHT, P.L.**
200 South Andrews Avenue, Suite 600, Fort Lauderdale, Florida 33301 • (954) 566-7117
283 Catalonia Avenue, Suite 200, Coral Gables, Florida 33134 • (305) 377-0086