UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

ANDREA ROSSI and LEONARDO CORPORATION,

    Plaintiffs,

v.

THOMAS DARDEN; JOHN T. VAUGHN, INDUSTRIAL HEAT, LLC; IPH INTERNATIONAL B.V.; and CHEROKEE INVESTMENT PARTNERS, LLC,

    Defendants.

CASE NO. 1:16-cv-21199-CMA

**DEFENDANTS' MOTION FOR LEAVE TO FILE FOURTH AMENDED ANSWER, ADDITIONAL DEFENSES, COUNTERCLAIMS AND THIRD-PARTY CLAIMS**

INDUSTRIAL HEAT, LLC and IPH INTERNATIONAL B.V.,

    Counter-Plaintiffs,

v.

ANDREA ROSSI and LEONARDO CORPORATION,

    Counter-Defendants,

and

J.M. PRODUCTS, INC.; HENRY JOHNSON; FABIO PENON; UNITED STATES QUANTUM LEAP, LLC; FULVIO FABIANI; and JAMES BASS,

    Third-Party Defendants.

### DEFENDANTS' MOTION FOR LEAVE TO FILE FOURTH AMENDED ANSWER, ADDITIONAL DEFENSES, COUNTERCLAIMS AND THIRD-PARTY CLAIMS

Defendants THOMAS DARDEN, JOHN T. VAUGHN, INDUSTRIAL HEAT, LLC ("IH"), IPH INTERNATIONAL B.V. ("IPH"), and CHEROKEE INVESTMENT PARTNERS, LLC (collectively, "Defendants"), pursuant to Fed. R. Civ. P. 15, move this Court for leave to file a Fourth Amended Answer, Additional Defenses, Counterclaims and Third-Party Claims. In support thereof, Defendants state as follows:

### INTRODUCTION

On January 17, 2017, this Court dismissed Counts IV and V of Defendants' Third Amended Answer, Additional Defenses, Counterclaims and Third-Party Claims (the "3rd Amended AACT") as to Third-Party Defendants J.M. Products, Inc., Henry Johnson, James Bass (collectively, the "JMP Defendants"), Fulvio Fabiani, and United States Quantum Leap, LLC (collectively, the "USQL Defendants"). In light of the Court's ruling, Defendants seek leave to file a Fourth Amended Answer, Additional Defenses, Counterclaims and Third-Party Claims ("4th Amended AACT"). The proposed 4th Amended AACT, attached hereto as Exhibit A, provides additional facts and exhibits to support Counts III to V of the Third-Party Claims brought by IH and IPH, and specifically remedies the issues addressed in the Court's January 17, 2017 Order (the "Dismissal Order") ([D.E. 120]). The amendments are limited solely to Counts III to V[1]; the 4th Amended AACT does not contain any new legal theories, new causes of action, or any new allegations to the Answer, Additional Defenses or Counterclaims (Counts I and II). This is the first time the Court has dismissed any of IH and IPH's affirmative claims, and, accordingly, IH and IPH should be afforded an opportunity to amend.

---

[1] The 4th Amended AACT also removes Fabio Penon from the caption and from several allegations, as he is no longer a party to the case.

- 1 -

- 2 -

## **LEGAL ARGUMENT**

Pursuant to Rule 15 of the Federal Rules of Civil Procedure, a party may amend its pleading with leave of court, and leave to amend should be "freely give[en] when justice so requires." Fed.R.Civ.P. 15(a)(2).  As this Court has recognized:

> If the underlying facts or circumstances relied upon by a [party] may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'

*Int'l Sch. Services, Inc. v. AAUG Ins. Co., Ltd.*, 10-62115-CIV, 2012 WL 5192599, at *2 (S.D. Fla. June 6, 2012).  Generally, "where a more carefully drafted complaint might state a claim, a [party] must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice*.*" *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001).  A prior amendment filed as matter of course does not preclude a party from having another opportunity to amend to cure pleading deficiencies identified by the court in ruling on a motion to dismiss.  *Id*. at 1163-64.

Here, although there have been prior amendments to the Answer, Additional Defenses, Counterclaims and Third-Party claims, none have been a result of court-determined deficiencies in the allegations of Counts IV and V.  Indeed, this is the first time the Court has dismissed any of IH or IPH's affirmative claims.  Because IH and IPH are able to allege sufficient facts to support the FDUTPA and breach of contract claims in Counts IV and V, they should be afforded an opportunity to test their claims on the merits.

As reflected in the proposed 4th Amended AACT, IH and IPH ("Counter-Plaintiffs") are able to provide additional facts and exhibits to remedy the specific issues identified by the Court

in the Dismissal Order.  With respect to Count IV, a FDUTPA claim against Plaintiffs and the Third-Party Defendants, the Court found that Counter-Plaintiffs did not sufficiently allege (i) a deceptive act or practice by the USQL Defendants or (ii) causation between the JMP Defendants' deceptive acts and Counter-Plaintiffs' actual damages.  In the 4th Amended AACT, Counter-Plaintiffs have added allegations demonstrating deceptive acts and practices by the USQL Defendants.  *See* Exhibit A, ¶ 142.  Specifically, Counter-Plaintiffs allege that the USQL Defendants provided false electrical input data for the Plant, which was the basis for comparison against the Plant's steam output power to determine its performance.  *Id*.  The USQL Defendants' manipulation of the data is evidenced by Florida Power and Light records, which show that the power delivered to the Plant's location was sometimes higher and sometimes lower than what the USQL Defendants were reporting.  *Id*.  Counter-Plaintiffs have also added allegations demonstrating causation between the JMP Defendants' deceptive acts and Counter-Plaintiffs' actual damages.  As detailed in the 4th AACT, but for the JMP Defendants' scheme to induce the Plant's move to Florida, Counter-Plaintiffs would not have incurred damages relating to activities occurring in Florida, including, but not limited to, costs for the transportation of the Plant and costs for repairs and maintenance to the Plant.  *Id*., ¶¶ 144, 146.

As to Count V, a breach of contract claim brought by Counter-Plaintiffs against the USQL Defendants, the Court found that because the contract between IH and the USQL Defendants appeared to expire on August 31, 2014, Counter-Plaintiffs did not sufficiently allege that the contract was in existence at the time of the alleged breaches.  Counter-Plaintiffs have added allegations that show the contract between IH and the USQL Defendants did not terminate on August 31, 2014, but rather, extended until March 31, 2016, covering the time period in which the breaches occurred.  *Id*., ¶ 150.  This is demonstrated by both a written renewal of the

contract signed by the USQL Defendants and an e-mail sent to IH by Fulvio Fabiani which expressly states "In according to the agreements made with Mr. Tom, my contract to monitor E-cat plant in Miami is set to expire on 31 March 2,016" (sic).[2] These documents are included as attachments to the 4th Amended AACT. *Id*., Ex. 28, 29.[3]

      Based on the foregoing, the Court should grant leave to amend, as none of the factors justifying a denial of leave are present. *See Int'l Sch. Services, Inc.*, 2012 WL 5192599, at *2 (Leave should be freely given absent undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing or futility of amendment). Defendants are filing this motion only ten (10) days after the Court's dismissal of Counts IV and V, and therefore, there is no undue delay. Likewise, there is no bad faith, dilatory motive or undue prejudice to the Third-Party Defendants by virtue of allowance of the amendment. The Third-Party Defendants have not yet answered the Third-Party Claims, and the proposed 4th Amended AACT serves only to clarify factual issues raised by the Court in the Dismissal Order. The 4th Amended AACT does not contain any new legal theories, new causes of action, or any new allegations in the Answer, Additional Defenses or Counterclaims (Counts I and II). As detailed above, the amendment sought is not a result of failure to cure deficiencies by amendments previously allowed, and, amendment in these circumstances would not be futile. Accordingly, Defendants respectfully request leave to file the 4th Amended AACT attached hereto as Exhibit A.

---

[2] For the avoidance of doubt, Defendants remove their confidentiality designations for Exhibits 28 and 29 to the proposed 4th Amended AACT.

[3] Counter-Plaintiffs have also added, in support of Count III for fraudulent inducement, that the OFAC certification was signed before the Term Sheet, so that it is relevant to the inducement to enter the Term Sheet.

- 5 -

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1

Pursuant to Local Rule 7.1, counsel for the Defendants has conferred with counsel for Plaintiffs and Third-Party Defendants, who have advised that they oppose the relief sought in this Motion. Specifically, counsel for Plaintiffs indicated that they intend to file an opposition to this Motion.

Dated: January 27, 2017

Respectfully submitted,

/s/ Christopher R.J. Pace
Christopher R.J. Pace
cpace@jonesday.com
Florida Bar No. 721166
Christopher M. Lomax
clomax@jonesday.com
Florida Bar No. 56220
Christina T. Mastrucci
cmastrucci@jonesday.com
Florida Bar No. 113013
Erika S. Handelson
ehandelson@jonesday.com
Florida Bar No. 91133
Michael A. Maugans
mmaugans@jonesday.com
Florida Bar No. 107531
JONES DAY
600 Brickell Avenue
Brickell World Plaza
Suite 3300
Miami, FL 33131
Tel: 305-714-9700
Fax: 305-714-9799
*Counsel for Defendants/Counter-Plaintiffs Third Party-Plaintiffs*

- 6 -

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 27, 2017, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all counsel or parties of record.

*/s/ Erika S. Handelson*
Erika S. Handelson