# EXHIBIT 28

Technical Consulting Agreement

This Technical Consulting Agreement (this "Agreement") is entered into effective as of the 1st day of September 2015 by and between:

USQL United States Quantum Leap LLC, with an address at 1331 Lincoln Road Unit 601, Miami Beach, Florida 33139 U.S.A. ("USQL")

And

Industrial Heat, LLC, with an address at c/o Paracorp Incorporated 2140 South Dupont Highway Camden, DE 19934 USA ("Industrial Heat")

(each a "Party" and collectively the "Parties").

Preamble

1. Industrial Heat's affiliate is the sole and exclusive licensee for the Americas and other territories of all intellectual property rights pertinent to the following patent applications:

   - IT MI2008A000629, patent granted in Italy on April 06 2011, Patent Certificate n. 1387256
   - EP 08873805.9, patent pending
   - US 12/736,193; patent pending

   The above mentioned patent applications are pertinent to an invention that allows the production of energy plants based on an innovative and experimental technology,

2. USQL and its professional personnel not only have a great technical and scientific competence in electronics and electromechanics and computer science, but also have gained considerable experience in producing and assembling important components of such energy plants;

3. Industrial Heat desires to engage USQL to provide services related to the manufacture and development of the above mentioned energy plants, and USQL desires to accept such engagement;

Now, therefore, in consideration of the mutual covenants and agreements set forth herein, and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties hereby agree as follows:

1. Recitals/ Exhibits

The foregoing recitals, as well as all exhibits and schedules that are attached to this Agreement are hereby included in and are made a part of this Agreement.

2. Technical consulting and assistance.

USQL will supply Industrial Heat with technical consulting and assistance in order to manufacture and develop the electrical equipment and the electronic system of the above mentioned energy plants. Such services will be provided on behalf of USQL by Fulvio Fabiani, the sole member and the sole manager of USQL.

Industrial Heat, as it deems appropriate, will supply USQL with all the drawings, projects, information and knowledge about products and the production process, with the exception of the information and knowledge considered as industrial or trade secrets by Industrial Heat, in order to allow USQL to carry on its activity of technical consulting and assistance. USQL is not allowed to use any of the received information and documents for purposes not concerning this Agreement, without Industrial Heat's written authorization, and all such information and documents shall remain the sole property of Industrial Heat.

3. Independent Contractor

USQL is and shall remain an independent contractor in rendering services to Industrial Heat pursuant to this Agreement. USQL shall not be deemed an employee, partner, or a joint venturer with Industrial Heat or any of its affiliates for any purpose. USQL shall perform the services described in this Agreement in good faith and in a manner reasonably believed by USQL to be in or not opposed to the best interests of Industrial Heat. Neither USQL nor anyone acting on its behalf shall be authorized to enter into any contract on behalf of Industrial Heat. USQL or any of its affiliates shall not bind Industrial Heat or any of its affiliates in any way without prior approval by Industrial Heat. USQL and its employees, agents or other personnel shall have no claim against Industrial Heat or any of its affiliates hereunder or otherwise for employee benefits of any kind, including, without limitation, vacation pay or sick leave, health or disability benefits, unemployment insurance benefits, retirement benefits, or workers' compensation. USQL and its principal shall be solely responsible for its own income or other taxes with respect to its compensation hereunder, and Industrial Heat shall not be responsible for withholding taxes or any other amounts with respect to USQL's compensation.

4. Personnel Training.

USQL agrees to instruct and train Industrial Heat's personnel about the production systems, exercise, and maintenance of the plants. Any out of pocket expenses incurred by USQL with the prior approval of Industrial Heat and relating to such training will be reimbursed or paid for by Industrial Heat.

5. Industrial secrets. Confidentiality.

USQL acknowledges that during the term of its engagement by Industrial Heat, it will have access to confidential and valuable information relating to the business and affairs

IH-00017715

of Industrial Heat and its affiliates. USQL understands that its engagement with Industrial Heat creates a relationship of confidence and trust with respect to all such confidential information, and that it is a condition of its engagement or continued engagement by Industrial Heat, and to its working on matters involving confidential information of Industrial Heat and its affiliates, that USQL enter into this Agreement. For purposes of this Agreement, the term "affiliate" shall mean, with respect to any person or entity, any other person or entity that controls, is controlled by, or is under common control with such person or entity.

During the term of its engagement by Industrial Heat and at all times thereafter, USQL agrees that it will not, and its employees and principals will not, except as permitted by the terms of this Agreement, disclose or use, either for itself or for the benefit of any third party, any confidential information relating in any way to the business and affairs of Industrial Heat or any of its affiliates. Information in any form, including any oral, written or electronically maintained information, that is not generally available to the public shall be constituted "Confidential Information" for purposes of this Agreement, which information shall include, without limitation, the fact that USQL is performing the services described in this Agreement for Industrial Heat, the location of any premises occupied by Industrial Heat, the substance of this Agreement, information relating to the business, technical, financial or other affairs of Industrial Heat or its affiliates, including, without limitation, the fact that this Agreement or any subsequent agreement exists or the terms thereof, all information relating to intellectual property, trade secrets and products of Industrial Heat or its affiliates, all information relating to pricing, financing, business structure, transactions and parties to transactions, investors, and the internal affairs and relationships of Industrial Heat or its affiliates with third parties, and all information disclosed to or received by USQL that is specifically and reasonably identified to it by Industrial Heat or any affiliate, either orally, in writing or electronically, as constituting Confidential Information hereunder or that from all relevant circumstances reasonably should be assumed by USQL to constitute confidential information , and any information that constitutes a "trade secret" of Industrial Heat or its affiliates. The provisions of this paragraph, however, shall not prevent USQL from use or disclosure of information (i) as necessary in the ordinary course of USQL's engagement by Industrial Heat, provided that USQL will not be allowed to communicate Confidential Information to third parties (including without limitation any suppliers) without Industrial Heat's prior written authorization, (ii) that is in the public domain (other than information in the public domain as a result of a violation of this Agreement by USQL), (iii) that USQL can demonstrate was acquired outside of its affiliation with Industrial Heat from a third party in rightful possession of such information and that is not prohibited from disclosing such information, or (iv) that USQL is required to disclose or produce by law or court order or pursuant to compulsory oral questions, interrogatories, requests for information or documents, deposition, subpoena, civil investigative demand or similar legal process, in which event USQL shall provide Industrial Heat with prompt notice of any request for such disclosure or production so that Industrial Heat may seek a protective order or other

IH-00017716

appropriate remedy and/or waive USQL's compliance with the provisions of this Agreement.

6. Rights to Materials.

All Confidential Information, records, files, memoranda, reports, drawings, plans, designs, specifications, tests and results, recordings, documents and the like (together with all copies thereof), including any of the foregoing that are electronically maintained, relating to the business of Industrial Heat or the engagement of USQL pursuant to this Agreement that USQL shall use or prepare or come in contact with in the course of, or as a result of, the engagement of USQL under this Agreement shall remain the sole property of Industrial Heat or shall be deemed contracted for as a part of the services provided hereunder, as the case may be, and none of such items or materials may be reproduced or used by USQL for the benefit of any party other than Industrial Heat or one of its affiliates or for any purpose other than this Agreement. Upon termination of this Agreement or upon the prior demand of Industrial Heat, USQL shall immediately return all such items and materials (and all copies thereof, including any electronically maintained copies) to Industrial Heat and shall not thereafter cause removal thereof from Industrial Heat's premises. USQL further agrees that upon termination of its engagement or upon the prior demand of Industrial Heat, it will promptly return to Industrial Heat all items of equipment or any other property of Industrial Heat or any of its affiliates then in USQL's possession or control.

7. New Developments.

USQL further agrees that during the term of its engagement by Industrial Heat it will promptly disclose to Industrial Heat any and all improvements, inventions, developments, discoveries, innovations, systems, techniques, processes, formulas, programs and other things that may be of assistance to Industrial Heat or its affiliates, whether patentable or unpatentable, that (i) relate to the actual or demonstrably anticipated research or development by Industrial Heat or any of its affiliates, or (ii) result from any work performed by USQL for or at the request of Industrial Heat, or (iii) are developed on Industrial Heat's time or using the equipment, supplies or facilities or any Confidential Information or trade secret information of Industrial Heat, or any of its affiliates; and that are made or conceived by USQL, alone or with others, while engaged by Industrial Heat (collectively referred to herein as the "New Developments"). USQL agrees that all New Developments shall be and remain the sole and exclusive property of Industrial Heat and that it shall, upon the request of Industrial Heat, and without further compensation, but at the cost and expense of Industrial Heat, do all things reasonably necessary to insure Industrial Heat's or its affiliate's ownership of such New Developments, including without limitation the execution of any necessary documents assigning and transferring to Industrial Heat and its assigns all of USQL's rights, title and interest in and to such New Developments, and the execution of all necessary documents required to enable Industrial Heat to file and obtain patents in the United States and foreign countries on any of such New Developments. USQL agrees that its obligations pursuant to this paragraph shall

continue beyond the termination or expiration of its engagement by Industrial Heat. In the event that USQL is unable or unavailable or shall unreasonably refuse to sign any lawful or necessary documents required in order for Industrial Heat to apply for and obtain a patent or patents or other intellectual property rights with respect to a New Development (including applications therefor or renewals, extensions, divisions or continuations thereof), USQL hereby irrevocably designates and appoints Industrial Heat and its duly authorized officers and agents as USQL's agents and attorneys-in-fact to act for and in USQL's behalf, and in its place and stead, to execute and file any such applications and other instruments, and to do all other lawfully permitted acts, to further the prosecution and issuance of patents or other intellectual property rights with respect to such New Developments and to vest ownership of such patents or other rights in Industrial Heat, with the same legal force and effect as if executed by USQL.

8. Duration of the Agreement.

This Agreement shall commence as of September 1, 2015 and shall continue in effect for an initial term through and including March 31, 2015 (the "Initial Term"). This Agreement shall terminate upon expiration of the Initial Term unless the parties agree in writing to extend it. Notwithstanding the foregoing, Industrial Heat may terminate this Agreement for "cause" during the Initial Term or at any time thereafter (i) immediately upon notice to USQL should USQL engage or be determined to have engaged in fraud or any act of material dishonesty, willful or criminal misconduct, or (ii) upon ten days prior notice to USQL that USQL has materially breached the Agreement, which failure or breach is not cured within the ten day notice period. Further, Industrial Heat may terminate this Agreement without "cause" during the Initial Term, provided that Industrial Heat shall pay the Contractor the balance of the Consultant Fee (as defined herein) due during the Initial Term, with such payment to be made at such times as it would have otherwise been due in accordance with the terms of this Agreement. If USQL terminates this Agreement at any time or if Industrial Heat terminates this Agreement for "cause" during the Initial Term, USQL shall, to the extent requested by Industrial Heat, promptly conclude all work then in process and Industrial Heat shall pay USQL for the balance of work performed to the date of termination in accordance with the compensation provisions hereof. Except as set forth in this paragraph, Industrial Heat shall not be obligated under this Agreement nor otherwise liable to USQL for any further payments following termination of this Agreement or for any costs, expenses, losses or damages arising out of or relating to a termination of this Agreement; as well as USQL shall not be obligated under this Agreement nor otherwise liable to Industrial Heat for any further payments following termination of this Agreement or for any costs, expenses, losses or damages arising out of or relating to a termination of this Agreement; provided, however, that nothing shall limit the liabilities or obligations of either party following termination of this Agreement that arise out of any breach of this Agreement by such party.

9. Compensation.

Industrial Heat will pay to USQL as compensation for the technical assistance and

consulting services provided during the Initial Term and in consideration of the terms of this Agreement, a sum equal to USD 73,500.00 (seventy-three thousand five-hundred/00 USD)(the "Consultant Fee"). Such Consultant Fee will be paid in monthly payments as provided in paragraph 8 below until expiration of the Initial Term or until the earlier termination of this Agreement as provided by paragraph 6. In addition to payment of the Consultant Fee, Industrial Heat will reimburse USQL for reasonable rent expenses incurred by USQL in connection with the rental of an apartment in the Raleigh, North Carolina area for Fulvio Fabiani, provided that Industrial Heat shall have the right to approve, in its sole discretion, any lease or rental agreement that binds USQL and requires the payments of any rents that USQL will be requesting be reimbursed by Industrial Heat.

10. Payment. Term and conditions

USQL, at the end of each month, will issue an invoice equal to USD 10,500.00 (ten thousand five hundred/00 USD), plus the monthly rent amount. The invoice will be sent by email to Industrial Heat. Industrial Heat will pay the above invoice within 15 days from reciept.

11. Nature of Engagement.

It is understood that USQL is engaged on a non-exclusive basis and that USQL shall remain free to provide services to other parties during the term hereof, provided that such other services by USQL do not unreasonably interfere with or impair USQL's ability to provide services as contemplated hereunder on a timely basis and are not competitive in any way with the activities of Industrial Heat and its affiliates, and further provided that Fulvio Fabiani shall devote substantially all of his business time to providing the services to the extent that such time is requested by Industrial Heat.

12. Notices.

Any kind of communications and notices concerning this Agreement shall be considered valid if they are transmitted by fax with confirmation of receipt, email with confirmation of receipt, or by registered post letter with confirmed delivery or by personal hand delivery with delivery confirmation signature.

The reference personnel and address for USQL are:

Fulvio Fabiani c/o USQL LLC 1331 Lincoln Road Unit 601, Miami Beach, FL 33139 USA - fulvio.fabiani@mail.com - +1 (919) 812-7863

The reference personnel and address for Industrial Heat are:

**Thomas F. Darden c/o Industrial Heat 111 East Hargett Street  Ste 300, Raleigh NC 27601 USA – tdarden@industrialheat.co -  + 1 919 7432506**

Any change regarding the personnel referenced above, or to the address or to the fax

number or to the email address must be immediately communicated to the other Party and it will be considered valid on the date it is received.

13. Entire Agreement

This Agreement contains the entire agreement of the parties with respect to the subject matter contained in this Agreement and supersedes all agreements, documents or other understandings or communications heretofore made between USQL and Industrial Heat regarding the subject matter hereof.

14. Language and Applicable Law.

This Agreement has been made in the English language. All documents and communications delivered in connection therewith between the Parties shall be in the English language. This agreement shall be construed and enforced in accordance with and governed by the laws of the State of North Carolina.

15. Rights and Remedies.

The duties, obligations, rights and remedies in this Agreement shall be cumulative, and in addition to, and not in limitation of, any duties, obligations, rights and remedies otherwise imposed or available by law. No action or failure to act by Industrial Heat or USQL shall constitute a waiver of any right or duty afforded either party under this Agreement, nor shall any such action or failure to act constitute an approval of, or acquiescence in, any breach of this Agreement, except as may be specifically agreed in writing or specified herein.

16. Injunctive Relief.

USQL recognizes and agrees that its breach of the provisions of this Agreement relating to confidentiality and rights to materials may result in irreparable damage to Industrial Heat and/or its affiliates. Accordingly, should USQL at any time violate or threaten to violate any of the provisions of this Agreement relating to confidentiality or return of materials, Industrial Heat shall be entitled to all remedies available as a matter of law or equity, including, without limitation, specific performance and/or injunctive relief, to prevent or otherwise restrain a breach of such provisions.

17. Assignment.

USQL agrees that it will not assign or transfer its interest in this Agreement without the prior written consent of Industrial Heat.

[Signature page follows]

IN WITNESS WHEREOF, the parties have executed this Technical Consulting Agreement as of the day and year first above written.

Dated:

Signed, sealed and delivered by

USQL, United States Quantum Leap LLC

By: _____

Fulvio Fabiani – Manager


Industrial Heat LLC

By: _____

Thomas F. Darden - Manager

## JOINDER

The undersigned, Fulvio Fabiani, the sole member and the sole manager of USQL United States Quantum Leap LLC ("USQL"), hereby joins in the foregoing Agreement for the purpose of agreeing to be bound by the provisions thereof relating to confidentiality, rights to materials, and new developments to the same extent as USQL is bound by such provisions. Further, the undersigned acknowledges that USQL is an independent contractor for purposes of this Agreement and that neither USQL nor the undersigned shall be deemed an employee of USQL for any purpose.

Date: ___07/07/2015___       _____
                              Fulvio Fabiani