UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:16-CV-21199-CMA/O'Sullivan

ANDREA ROSSI et al.,

    Plaintiffs,

v.

THOMAS DARDEN, et al.,

    Defendants.
_____

INDUSTRIAL HEAT, LLC and IPH
INTERNATIONAL B.V.,

    Counter-Plaintiffs,

v.

ANDREA ROSSI and LEONARDO
CORPORATION,

    Counter-Defendants,

And

J.M. PRODUCTS, INC., et al.,

    Third-Party Defendants.
_____

**Plaintiffs' Motion for Sanction against Defendants, Cherokee Investment Partners and
<u>IPH International, B.V. for Failure to Comply with Rule 30(b)(6)</u>**

Plaintiffs request Defendants be prohibited from offering testimony and evidence on the issues for which they failed to properly prepare their corporate representatives pursuant to Rule 30(b)(6). In support of this motion, Plaintiffs state:

## Introduction

Defendants (i.e., Cherokee Investment Partners, LLC "Cherokee" and IPH International, B.V. "IPH") designated the same person as their respective corporate representative for deposition under Rule 30(b)(6). This representative:

1. Was not properly prepared to answer questions regarding Plaintiffs' identified topics.

2. Importantly, while material and information were available to him, did not review them or otherwise seek to become informed to answer questions regarding those identified topics.

3. Due to his utter failure to prepare, even though appropriate material and/or information were available, did not answer questions regarding Plaintiffs' identified topics that were material to this action.

Because of this intentional and improper discovery conduct, consistent with the Southern District of Florida's ruling in *QBE Ins. Corp. v. Jorda Enters.*, the Court should impose sanctions on Defendants for failing to comply with Fed. R. Civ. P. 30(b)(6). *See* 277 F.R.D. 676 (S.D. Fla. 2012).

Additionally, and similar to the facts in *QBE*, Defendants claimed they were not familiar with the underlying facts and were instead relying on co-Defendant Industrial Heat, LLC's ("IH") corporate representatives' knowledge and responses. While it is true that IH provided a corporate representative for its own 30(b)(6) deposition, the questions asked of IH were not identical to those asked of Cherokee and IPH. Significantly, the representative of Cherokee and IPH made a conscious decision to refrain from obtaining information or testimony from the corporate representative of IH, so as to fulfill their respective Rule 30(b)(6) obligations. It would be patently unfair to permit Cherokee and IPH to avoid designating a corporate representative on certain topics

2

**PERLMAN, BAJANDAS, YEVOLI & ALBRIGHT, P.L.**
200 South Andrews Avenue, Suite 600, Fort Lauderdale, Florida 33301 – (954) 566-7117
283 Catalonia Avenue, Suite 200, Coral Gables, Florida 33134 – (305) 377-008

(because its co-Defendant refused/failed to educate them) yet allow them to take a position at trial on those very same issues by introducing testimony that Plaintiffs were unable to learn about during pre-trial 30(b)(6) depositions. Finally, Plaintiffs are entitled to an award of attorneys' fees.

**Relevant Procedural History and Material Facts**

On December 14, 2016, Plaintiffs notified Defendants Cherokee, IH, and IPH of their intention to depose the parties' respective corporate representatives. *See* Notice of Taking Videotaped Depositions of the Corporate Representatives of Defendants Cherokee, IH, and IPH, appended hereto as **Ex. 1**. This Notice, issued pursuant to Federal Rule of Civil Procedure 30(b)(6), identified twenty-two separate areas of inquiry for each of the corporate Defendants. IH's and IPH's corporate representative depositions were set to be taken on February 13 and 14, 2017 respectively, providing Defendants two months from the notice date to prepare a corporate representative. Cherokee's corporate representative deposition was set to be taken on February 15, 2017, having been amended/re-noticed on December 22, 2016, likewise giving Defendants ample opportunity to prepare a corporate representative.

On January 5, 2017, Defendant Cherokee served its objections to the Rule 30(b)(6) notice. *See* Defendant Cherokee Investment Partners, LLC's Objections To Plaintiffs' Rule 30(B)(6) Notice, appended hereto as **Ex. 2**. The objections contained two "General Objections," the first of which provides:

> No. 1: Plaintiffs have noticed separate Rule 30(b)(6) depositions of defendants Cherokee Investment Partners LLC ("Cherokee"), Industrial Heat LLC ("IH") and IPH International B.V. ("IPH"). Cherokee disclaims any obligation to prepare a Cherokee witness to testify as to topics that are unreasonably cumulative or duplicative of discovery sought from IH and IPH, or topics as to which discovery can be obtained from IH and IPH in a manner that is more convenient, less burdensome or less expensive than obtaining that discovery from Cherokee. Cherokee specifically disclaims any obligation to prepare a witness to testify with respect to documents maintained and produced from the files of IH or IPH with respect to topics as to which IH and IPH have also been noticed.

3

**PERLMAN, BAJANDAS, YEVOLI & ALBRIGHT, P.L.**
200 South Andrews Avenue, Suite 600, Fort Lauderdale, Florida 33301 – (954) 566-7117
283 Catalonia Avenue, Suite 200, Coral Gables, Florida 33134 – (305) 377-008

Notwithstanding these objections, Cherokee stated that it would prepare a witness to testify about topics 1-14, 16, and 17.

On January 20, 2017, Plaintiffs served their Amended Notice of Taking Videotaped Depositions of the three corporate representatives, appended hereto as **Ex. 3**. This Amended Notice simply added five supplemental areas of inquiry. On February 9, 2017, four days before the IH deposition was to take place, IH and IPH served their objections to Plaintiffs' Rule 30(b)(6) Notice, appended hereto as **Exs. 4, 5**. IH and IPH made the same two "General Objections" that Cherokee made, and similarly stated that, subject to their other objections, they would prepare a witness to testify with respect to the areas of inquiry. None of the Defendants made any specific objections to the supplemental areas of inquiry. Nor did Defendants make any attempt to schedule for hearing any of their objections or move for a protective order as to any of the areas of inquiry.

On February 13, 2017, Defendant IH submitted Defendant JT Vaughn as its corporate representative pursuant to Rule 30(b)(6). During that deposition, Plaintiffs' counsel asked Mr. Vaughn whether he would serve as the IPH corporate representative, and explained to Mr. Vaughn and his counsel that the purpose of the question was to determine which questions were most appropriate to ask:

> Q.  You know, before I go any further, I wanted to ask this question I forgot to ask.  Are you also going to be appearing as the corporate representative for IPH at tomorrow's deposition?
>
> MR. BELL (Defendants' Counsel):  Why is that appropriate to ask him now?
>
> MR. CHAIKEN:  So I don't have to duplicate a lot of the work.
>
> THE WITNESS:  I think we are still working to determine who -- who that is going to be.
>
> BY MR. CHAIKEN:

4

**PERLMAN, BAJANDAS, YEVOLI & ALBRIGHT, P.L.**
200 South Andrews Avenue, Suite 600, Fort Lauderdale, Florida 33301 – (954) 566-7117
283 Catalonia Avenue, Suite 200, Coral Gables, Florida 33134 – (305) 377-008

> Q. Okay.
>
> A. But we are still trying to decide about that.

IH Depo Tr. at 30:7-19, appended hereto as **Ex. 6**. Curiously, Defendants had not appointed a corporate representative for IPH the day before the IPH deposition was to take place; Plaintiffs would later learn that Defendants' strategy in this regard was deliberate.

On February 14, 2017, Defendant Thomas Darden, as Director of Defendant IPH, appointed Slocum Fogelman as the IPH corporate representative pursuant to Rule 30(b)(6). *See* IPH Depo. Tr. at 6:12-19,114:22-115:9, appended hereto as **Ex. 7**. Fogelman testified that he was neither an officer, director, nor an employee of IPH. *Id*. at 7:1-10. Fogelman was either unable or unwilling to respond to questions that were the subject of the noticed areas of inquiry. Specifically, Fogelman repeatedly stated that: (a) he had "no information other than what Industrial Heat, LLC has" in response to questions regarding facts in support of allegations/claims made by or against IPH; and (b) he did not know what Industrial Heat knew or how Industrial had testified. *Id*. at 16:12-17:1. In preparation for the deposition, he made no attempt to speak with anyone from IH, including the individual Defendants, nor did he read the transcript of the deposition of the corporate representative of IH, which had been taken the previous day, or even speak to JT Vaughn about his testimony. *See* IPH Depo. Tr. at 202:7-203:2. When asked why he did not meet with anyone from IH, Fogelman responded, "I don't recall a reason."

Plaintiffs suspected that Defendant Cherokee intended to engage in a similar strategy the following day with respect to the deposition of its corporate representative. So as to be able to potentially save time and expense, on February 14, 2017, Plaintiffs' counsel e-mailed Defendants' counsel about the Cherokee 30(b)(6) deposition:

5

**PERLMAN, BAJANDAS, YEVOLI & ALBRIGHT, P.L.**
200 South Andrews Avenue, Suite 600, Fort Lauderdale, Florida 33301 – (954) 566-7117
283 Catalonia Avenue, Suite 200, Coral Gables, Florida 33134 – (305) 377-008

> Counsel,
>
> With respect to Defendant Cherokee Investment Partners, LLC's Amended Objections to Plaintiffs' Rule 30(B)(6) Notice, please specify: (a) each individual topic that you maintain to be "unreasonably cumulative or duplicative of discovery sought from IH and IPH"; and (b) each individual topic concerning which, as you assert, "discovery can be obtained from IH and IPH in a manner that is more convenient, less burdensome or less expensive than obtaining that discovery from Cherokee."
>
> In addition, please provide legal authority for these positions. The Southern District of Florida has made clear that a corporation may not substitute a corporate representative deposition for documents or information provided in the course of discovery. *See QBE Ins. Corp. v. Jorda Enters.*, 277 F.R.D. 676, 689 (S.D. Fla. 2012) (citing *Great Am. Ins. Co. of N.Y. v. Vegas Constr. Co.*, 251 F.R.D. 534, 540 (D. Nev. 2008); *Marker v. Union Fid. Life Ins. Co.*, 125 F.R.D. 121, 127 (M.D.N.C. 1989)). The Court has also made clear that the burden, however onerous, of preparing a corporate representative to serve as a deponent "flows from the privilege of using the corporate form to do business." *Id.* (citing *Great Am.*, 251 F.R.D. at 540; *Calzaturficio S.C.A.R.P.A. s.p.a. v. Fabiano Shoe Co., Inc.*, 201 F.R.D. 33, 38 (D. Mass. 2001) (review required even if "documents are voluminous and the review of those documents would be burdensome")).
>
> To be clear, we believe your objections to Plaintiffs' 30(b)(6) deposition notice to be both substantively improper and procedurally late.
>
> Kindly let us know your position before the deposition tomorrow.

Defendants' counsel did not provide any substantive response to Plaintiffs' counsel's request. Instead, the following day, February 15, 2017, Defendant Cherokee produced the same designee as had appeared for Defendant IPH – Slocum Fogelman. *See* Cherokee Depo. Tr., appended hereto as **Ex. 8.** Despite swearing that he was prepared to testify as to the areas of inquiry identified in the deposition notice, Fogelman was similarly unprepared for this deposition, having made no attempt to become knowledgeable about the areas of inquiry.

6

**PERLMAN, BAJANDAS, YEVOLI & ALBRIGHT, P.L.**
200 South Andrews Avenue, Suite 600, Fort Lauderdale, Florida 33301 – (954) 566-7117
283 Catalonia Avenue, Suite 200, Coral Gables, Florida 33134 – (305) 377-008

**Legal Standards Concerning 30(b)(6) Depositions**

Fed. R. Civ. Pro. 30(b)(6) ["Notice or Subpoena Directed to an Organization"] provides, in pertinent part:

> In its notice or subpoena, a party may name as the deponent a public or private corporation, a partnership, an association, a governmental agency, or other entity and must describe with reasonable particularity the matters for examination. The named organization must then designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf; . . . The persons designated must testify about information **known or reasonably available to the organization**.

(emphasis added).

As set forth in *QBE*, 277 F.R.D. at 676 (citations omitted):

> If the case law outlining the guiding principles of 30(b)(6) depositions could be summarized into a de facto Bible governing corporate depositions, then the litigation commandments and fundamental passages about pre-trial discovery would likely contain the following advice:
>
> 1. The rule's purpose is to streamline the discovery process. In particular, the rule serves a unique function in allowing a specialized form of deposition.
>
> 2. The rule gives the corporation being deposed more control by allowing it to designate and prepare a witness to testify on the corporation's behalf.
>
> \*       \*       \*
>
> 4. Therefore, one purpose is to curb any temptation by the corporation to shunt a discovering party from "pillar to post" by presenting deponents who each disclaim knowledge of facts known to someone in the corporation.
>
> \*       \*       \*
>
> 7. A corporation has an affirmative duty to provide a witness who is able to provide binding answers on behalf of the corporation.
>
> \*       \*       \*
>
> 15. Faced with such a scenario, a corporation with no current knowledgeable employees must prepare its designees by having them review available materials, such as fact witness deposition testimony, exhibits to depositions, documents

7

**PERLMAN, BAJANDAS, YEVOLI & ALBRIGHT, P.L.**
200 South Andrews Avenue, Suite 600, Fort Lauderdale, Florida 33301 – (954) 566-7117
283 Catalonia Avenue, Suite 200, Coral Gables, Florida 33134 – (305) 377-008

produced in discovery, materials in former employees' files and, if necessary, interviews of former employees or others with knowledge.

16. In other words, a corporation is expected to *create* an appropriate witness or witnesses from information reasonably available to it if necessary.

17. As a corollary to the corporation's duty to designate and prepare a witness, it must perform a reasonable inquiry for information that is reasonably available to it.

18. A corporate designee must provide responsive answers even if the information was transmitted through the corporation's lawyers.

*   *   *

22. Not only must the designee testify about facts within the corporation's collective knowledge, including the results of an investigation initiated for the purpose of complying with the 30(b)(6) notice, but the designee must also testify about the corporation's position, beliefs and opinions.

23. The rule implicitly requires the corporation to review all matters known or reasonable available to it in preparation for a Rule 30(b)(6) deposition.

*   *   *

25. If it becomes apparent during the deposition that the designee is unable to adequately respond to relevant questions on listed subjects, then the responding corporation has a duty to timely designate additional, supplemental witnesses as substitute deponents.

26. The rule provides for a variety of sanctions for a party's failure to comply with its Rule 30(b)(6) obligations, ranging from the imposition of costs to preclusion of testimony and even entry of default.

*   *   *

32. There is nothing in the rule which prohibits a corporation from adopting the testimony or position of another witness in the case, though that would still require a corporate designee to formally provide testimony that the corporation's position is that of another witness.

33. The rule does not expressly require the designee to personally review all information available to the corporation. So long as the designee is prepared to provide binding answers under oath, then the corporation may prepare the designee in whatever way it deems appropriate - as long as *someone* acting for the corporation reviews the available documents and information.

PERLMAN, BAJANDAS, YEVOLI & ALBRIGHT, P.L.
200 South Andrews Avenue, Suite 600, Fort Lauderdale, Florida 33301 – (954) 566-7117
283 Catalonia Avenue, Suite 200, Coral Gables, Florida 33134 – (305) 377-008

> 34. Rule 30(b)(6) means what it says. Corporations must act responsibly. They are not permitted to simply declare themselves to be mere document-gatherers. They must produce live witnesses who have been prepared to provide testimony to bind the entity and to explain the corporation's position.
>
> \*   \*   \*
>
> 39. A corporation which expects its designee to be unprepared to testify on any relevant, listed topic at the corporate representative deposition should advise the requesting party of the designee's limitations before the deposition begins.

Furthermore, as explained in *United States v. Taylor*, 166 F.R.D. 356, 362 (M.D.N.C. 1996):

> Rule 30(b)(6) explicitly requires UCC to have persons testify on its behalf as to all matters known or reasonably available to it and, therefore, implicitly requires such persons to review all matters known or reasonably available to it in preparation for the Rule 30(b)(6) deposition. This interpretation is necessary in order to make the deposition a meaningful one and to prevent the "sandbagging" of an opponent by conducting a halfhearted inquiry before the deposition but a thorough and vigorous one before the trial. This would totally defeat the purpose of the discovery process. The Court understands that preparing for a Rule 30(b)(6) deposition can be burdensome. However, this is merely the result of the concomitant obligation from the privilege of being able to use the corporate form in order to conduct business.

### The 30(b)(6) Depositions of Slocum Fogelman

A.  The Extent of Mr. Fogelman's Preparation (and Defendants' Preparation of Him)

If Defendants are to be believed, Fogelman was not selected to be the corporate representative of IPH until just hours prior to his deposition. In preparation for his deposition as the IPH corporate representative, Fogelman met with his counsel, reviewed the Defendants' response to the complaint, the license agreement and assignment attached to the Complaint, and "had a couple of conversations with JT Vaughn." *See* IPH Depo. Tr. at 9:19-10:11. Defendant JT Vaughn appeared as the corporate representative for Defendant IH the previous day, yet Fogelman testified that he did not speak to Vaughn about Vaughn's testimony. *Id.* at 202:15-203:2.

9

**PERLMAN, BAJANDAS, YEVOLI & ALBRIGHT, P.L.**
200 South Andrews Avenue, Suite 600, Fort Lauderdale, Florida 33301 – (954) 566-7117
283 Catalonia Avenue, Suite 200, Coral Gables, Florida 33134 – (305) 377-008

Fogelman determined, with the help of counsel that "it would have been duplicative effort" for him to come prepared for his deposition. *Id*. at 215:1–217:24.

In preparation for his deposition as the Cherokee corporate representative, Fogelman reviewed the Complaint, the Fourth Amended Answer and Additional Defenses, Counterclaims, and Third Party Claims, the notice of deposition with the list of topics, some unidentified e-mails, and met with Tom Darden and John Mazzarino for approximately three hours. *See* Cherokee Depo. Tr. at 6:10-18; 9:8-25.

B.     Subjects on Which Mr. Fogelman Did Not Provide 30(b)(6) Testimony

There were a number of topics that Mr. Fogelman clearly and unequivocally identified as completely beyond his knowledge and/or preparation, despite no prior notice from Defendants that the corporate representative would not be prepared. Before outlining, in summary fashion, the listed topics for which Mr. Fogelman could not provide 30(b)(6) corporate designee testimony, it is useful to flag the underlying factual theories surrounding the parties' positions:

- Plaintiffs claim that Defendant IH and its assignee, IPH, breached the License Agreement originally executed by Plaintiff Leonardo and Defendant IH.

- The License Agreement was originally entered into on October 26, 2012.

- IH assigned all of its rights, other than its ownership of the physical 1MW plant, to IPH on or about April 26, 2013.

- After April 26, 2013, the disputes between the parties as they relate to the contractual intellectual property terms, are between Plaintiffs and IPH.

This is significant as it relates to the 30(b)(6) depositions.

Questions posed to IH were not meant to be, nor were they, duplicative of those asked of IPH, as the claims and defenses related to these entities are separate and distinct. For example,

Count II of the Defendants' Fourth Amended Answer, Additional Defenses, Counterclaims and Third-Party Claims [DE 132], for Breach of Contract against Leonardo and Rossi, is brought solely by IPH, and not by IH.  Similarly, although both IH and IPH purport to sue Leonardo and Rossi for Breach of Contract pursuant to Count I and for Violation of FDUTPA pursuant to Count IV, these claims can, and should, be bifurcated as between the claim of IH (related solely to the 1MW plant) and those of IPH (related to the transfer/disclosure of intellectual property). Likewise, the eight affirmative defenses raised by IH and IPH can be bifurcated as between the two entities, based upon the date of the assignment and the nature of the defenses. Plaintiffs scheduled the deposition of IH to immediately precede the deposition of IPH.

Mr. Fogelman, as the corporate representative of IPH and Cherokee, could not provide 30(b)(6) testimony on the following issues:

**IPH 30(b)(6)**

- Communications between the parties pertaining to the Guaranteed Performance Test (Topic 3)
    - *See, e.g.*, IPH Depo Tr. at 24:12-25:4 (IPH's evidence regarding Leonardo and Rossi's efforts to commence the test); 126:25-127:3 (IPH's information about whether the test took place); 127:4-19 (IPH's evidence that a guaranteed performance test pursuant to the license agreement did not take place).

- Communications between the parties pertaining to the ERV for the Guaranteed Performance Test (Topic 4)
    - *See, e.g.*, IPH Depo. Tr. at 125:7-126:16 (Whether IPH agreed to Penon as the ERV for the test); 126:25-127:3 (IPH's information regarding the ERV.)

- Communications between the parties pertaining to the protocols for the Guaranteed Performance Test (Topic 5)
    - *See, e.g.*, IPH Depo. Tr. at 126:25-127:3 (IPH's information about whether a test took place and about the ERV); 129:19-130:1 (IPH's position as to whether or not it agreed to what equipment was going to be tested).

- Communications between the parties pertaining to problems or issues with the Guaranteed Performance Test (Topic 6)

- o *See, e.g.*, IPH Depo. Tr. at 31:18-32:5 (whether the test run in Doral was fatally flawed as alleged in paragraph 72 of the 4th AACT); 40:20-41:10 (the ERV's evaluation of the plant's performance); 126:25-127:3 (information related to the test and ERV); 128:15-129:18 (IPH's position as to whether Dr. Rossi manipulated the test data).

- All attempts to replicate any of Plaintiffs' claimed E-Cat testing results (Topic 13)
  - o *See, e.g.*, IPH Depo. Tr. at 25:25-26:17 (information related to attempts at replication as alleged in paragraph 66 of the 4th AACT); 26:18-27:18 (same); 41:11-42:7 (information related to replication attempts discussed in paragraph 95 of the 4th AACT).

- Your claims that Plaintiffs disclosed the E-Cat IP without prior consent, including to (a) the scientists who prepared the Lugano Report and (b) Norman Cook (Topic 15)
  - o *See, e.g.*, IPH Depo. Tr. at 48:24-49:19 (IPH's knowledge regarding their claim in paragraph 103 of the 4th AACT that Rossi violated the confidentiality provision in the License Agreement); 49:20-62:23 (IPH's knowledge with respect to confidentially allegations in paragraphs 104-06 regarding Dr. Cook, Lugano professors).

- Your claims that Plaintiffs have breached the License Agreement (Topic 18)
  - o *See, e.g.*, IPH Depo. Tr. at 24:5-8 (IPH's knowledge regarding its breach of contract damages); 50:22-52:1; 52:3-20, 52:21 – 53:13, 53:14 – 54:6, 54:7 – 55:6, 61:6-23, 61:25 - 62:23, 63:24 – 64:18, 65:25 – 66:19, 66:20 – 67:13, 67:14 – 68:2, 71:8 – 73:6, 73:7 – 74:5, 74:25 – 75:22, 75:23 – 77, 21   (IPH's evidence in support of its claims for breach); 140:4-15 (IPH's knowledge of whether IPH informed Dr. Rossi or Leonardo that they were in breach of the License Agreement).

- Your claims that Plaintiffs have violated the Florida Deceptive and Unfair Trade Practices Act (Topic 20)
  - o *See, e.g.*, IPH Depo. Tr. at 26:18-28:9 (IPH's knowledge regarding their claim in paragraph 68 that Plaintiffs schemed to move the plant to Florida to control plant oversight); 28:10-35:12, 77:23-78:25, 79:1-22, 79:23 – 80:14, 82:21-84:11 (IPH's knowledge regarding Plaintiffs' representations about a Florida customer, its affiliations, and use of steam); 36:14 - 37:14 (IPH's knowledge of whether Plaintiffs restricted access to the plant) 37:16 - 39:24 (the role of third-party defendants in the scheme); 80:15-82:20 (IPH's knowledge regarding calculations and measurements taken at the plant); 128:15 - 129:18 (IPH's position that Dr. Rossi manipulated the data that was taken pursuant to the test that was performed in Florida in 2015); 138:24 - 140:3 (IPH's information on where the test should take place and whether a customer should be involved); 84:22 -87:25 (damages related to FDUTPA claim)

- Your knowledge of the facts used to support the affirmative defenses in this case (Topic 25)
    - *See, e.g.*, IPH Depo. Tr. at 112:12-118:8 (IPH"'s evidence or facts in support of its affirmative defenses).

- Your knowledge of test protocol proposed or utilized by IH for operation, test, and or replication attempt, including but not limited to, test protocols performed in Ferraro, Italy; Lugano, Switzerland; Raleigh, North Carolina; and Doral, Florida.(Topic 26)
    - *See, e.g.*, IPH Depo. Tr. at 123:22-124:13 (IPH's knowledge regarding the validation test protocol); 127:20-128:14 (IPH's knowledge regarding the guaranteed performance test protocol).

- Any alterations or proposed alterations to any test protocol, proposed test protocol, or procedure for the testing of the E-Cat or related E-Cat IP (Topic 27)
    - *See, e.g.*, IPH Depo. Tr. at 123:22-124:13 (IPH's knowledge regarding the validation test protocol); 127:20-130:1 (IPH's knowledge regarding the guaranteed performance test protocol).

**Cherokee 30(b)(6)**

- All contract negotiations between the parties to this lawsuit, including but not limited to the License Agreement and amendments thereto, the Term Sheet, and any other agreements (Topic 1)
    - *See, e.g.*, Cherokee Depo. Tr. at 137:3-22 (knowledge of representations made to Rossi at closing); 192:9-194:1; 194:23-195:14; 197:11-198:4; 201:12-202:1; 203:10-23; 204:8-16; 205:3-7; 205:11-206:7; 207:1-13; 208:3-23; 214:4-11; 219:3-25; 220:23-221:5; 224:6-20 (no evidence to support denial of statements made regarding/by Cherokee prior to execution of License Agreement).

- All communications with investors pertaining to: Rossi, Leonardo, E-Cat and E-CAT technology, and/or the Guaranteed Performance Test (Topic 8)
    - *See, e.g.*, Cherokee Depo. Tr. at 107:23-112:13 (Cherokee investor communications stating, "Cherokee funds in 2013 owned the E-Cat intellectual property and set up Industrial Heat, LLC in Raleigh Triangle Industrial Park."); 112:18-113:17 (Darden's attendance at ICCF-19 conference); 134:3-21 (information provided at investor presentation).

- Your knowledge of the facts used to support the affirmative defenses in this case (Topic 25)
    - *See, e.g.*, Cherokee Depo. Tr. at 232:24-234:15 (no knowledge of defense of waiver).

## Analysis

The three corporate defendants in this case – Cherokee, IPH and IH – all are owned and controlled by Defendant Thomas Darden ("Darden"). Darden has first-hand knowledge of virtually all of the areas of inquiry identified in Plaintiffs' 30(b)(6) Notices. Instead of appearing as the corporate representative for Cherokee and IPH, Darden instead chose Slocum Fogelman to do so. The reason for doing so is obvious: Darden did not want to subject himself to multiple seven-hour depositions, and intended to deprive Plaintiffs of the ability to obtain additional information about the Defendants' claims and defenses at issue. Furthermore, Darden made no attempt to instruct or otherwise inform Fogelman as to the facts and circumstances related to the areas of inquiry, leaving Fogelman with no ability to provide substantive responses to Plaintiffs' questions.

Defendants Cherokee and IPH could have selected any appropriate designee. They could have arranged for Fogelman to spend additional time preparing for deposition. They could have caused Fogelman to review additional documents, including relevant deposition testimony. They could have arranged for others to review all available documents and then educated Fogelman on their findings. They could have designated additional witnesses besides Fogelman. What Cherokee and IPH could not do, however, was produce Fogelman as their respective sole designee, wait until the deposition started, and then proceed to allow him to testify that he had no knowledge as to any of the areas of inquiry.

There is no dispute that:

    a. Cherokee and IPH never produced another 30(b)(6) witness other than Fogelman.

  b. Cherokee and IPH never produced any witnesses to supplement Fogelman's incomplete corporate representative deposition.

  c. The discovery cutoff expired on February 28, 2017.

Defendants ambushed Plaintiffs when they intentionally provided a 30(b)(6) witness – on two occasions – who: (a) was wholly unprepared to testify about the noticed topics; (b) did not speak to any IH employee or individual Defendant about testimony given by IH; and (c) decided with the help of his legal counsel that it would be "duplicative" to prepare for his deposition.

As a direct result of Defendants' failure to comply with Rule 30(b)(6), Plaintiffs have been prejudiced as follows:

  1. Plaintiffs have been prevented from obtaining discovery about the elements of Defendants IPH and Cherokee's affirmative defenses;

  2. Plaintiffs have been prevented from obtaining discovery about the elements of Defendant IPH's counterclaims;

  3. Plaintiffs have been prevented from obtaining discovery about the computation of Defendant IPH's alleged damages.

The Court should find that Cherokee and IPH did not adequately prepare Fogelman for his 30(b)(6) depositions, did not timely advise Plaintiffs of Fogelman's limitations before the deposition began, and did not cause Fogelman or other Defendants' attorneys, employees or agents to review other documents in their possession or available to them.

PERLMAN, BAJANDAS, YEVOLI & ALBRIGHT, P.L.
200 South Andrews Avenue, Suite 600, Fort Lauderdale, Florida 33301 – (954) 566-7117
283 Catalonia Avenue, Suite 200, Coral Gables, Florida 33134 – (305) 377-008

## Conclusion

WHEREFORE, Plaintiffs, Andrea Rossi and Leonardo Corporation, respectfully request the Court enter an Order:

a. Finding that Defendants IPH International, B.V. and Cherokee Investment Partners, LLC have violated Rule 30(b)(6);

b. prohibiting these Defendants from taking a position at trial, including the introduction of testimony and exhibits, on those issues for which Mr. Fogelman was unable to provide 30(b)(6) testimony;

c. awarding Plaintiffs their reasonable attorneys' fees and costs in preparing for and taking the these two Defendants' 30(b)(6) depositions; and

d. granting any further relief this Court deems just and proper.

Dated: March 17, 2017.                        Respectfully submitted,

 /s/Brian W. Chaiken, Esq.
John W. Annesser, Esq. (FBN 98233)
jannesser@pbyalaw.com
Brian W. Chaiken, Esq. (FBN 118060)
bchaiken@pbyalaw.com
D. Porpoise Evans, Esq. (FBN 576883)
pevans@pbyalaw.com
PERLMAN, BAJANDAS, YEVOLI & ALBRIGHT, P.L.
283 Catalonia Avenue, Suite 200
Coral Gables, FL 33134
Telephone: 305.377.0086
Facsimile:  305.377.0781
*Attorneys for Plaintiffs, Andrea Rossi and
   Leonardo Corporation*

## CERTIFICATION OF COMPLIANCE WITH LOCAL RULE 7.1(a)(3)

The undersigned counsel hereby certifies that, in compliance with Rule 7.1(a)(3), Federal Rules of Civil Procedure, that undersigned counsel has conferred with counsel for Defendants in a good faith effort to resolve by agreement the issues raised in this Motion.

*/s/Brian W. Chaiken, Esq.*
Brian W. Chaiken

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served by in the manner specified below on March 17, 2017 all counsel or parties of record on the attached Service List.

*/s/Brian W. Chaiken*
Brian W. Chaiken, Esq.

**PERLMAN, BAJANDAS, YEVOLI & ALBRIGHT, P.L.**
200 South Andrews Avenue, Suite 600, Fort Lauderdale, Florida 33301 – (954) 566-7117
283 Catalonia Avenue, Suite 200, Coral Gables, Florida 33134 – (305) 377-008

**SERVICE LIST**

Christopher R.J. Pace, Esq. (FBN 721166
cpace@jonesday.com
Christopher M. Lomax, Esq. (FBN 56220)
clomax@jonesday.com
Christina T. Mastrucci, Esq. (FBN 113013)
cmastrucci@jonesday.com
Erika S. Handelson, Esq. (FBN 91133)
ehandelson@jonesday.com
JONES DAY
600 Brickell Avenue, Suite 3300
Miami, FL 33131

- and -

Bernard P. Bell, Esq. (*PHV*)
bellb@millerfriel.com
MILLER FRIEL, PLLC
1200 New Hampshire Avenue, N.W.
Suite 800
Washington, DC 20036
*Attorneys for Defendants, Darden, Vaughn, Industrial Heat, LLC,*
  *IPH Int'l B.V., and Cherokee Investment Partners, LLC*

**Service via: CM/ECF**


Francisco J. León de la Barra, Esq. (FBN 105327)
fleon@acg-law.com
Fernando S. Arán, Esq. (FBN 349712)
faran@acg-law.com
ARÁN CORREA & GUARCH, P.A.
255 University Drive
Coral Gables, Florida 33134
*Attorneys for Third-Party Defendants, JMP, Johnson, and Bass*

**Service via: CM/ECF**

Rodolfo Nuñez, Esq. (FBN 016950)
rnunez@acg-law.com
RODOLFO NUÑEZ, P.A.
255 University Drive
Coral Gables, Florida 33143
*Attorney for Third-Party Defendants, Fabiani and USQL*

**Service via: CM/ECF**

**PERLMAN, BAJANDAS, YEVOLI & ALBRIGHT, P.L.**
200 South Andrews Avenue, Suite 600, Fort Lauderdale, Florida 33301 – (954) 566-7117
283 Catalonia Avenue, Suite 200, Coral Gables, Florida 33134 – (305) 377-008