# Exhibit 15

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

**ANDREA ROSSI,** et al.,           )
                                    )
    Plaintiffs,                   )
                                    )
v.                                  )    No. 16-cv-21199-CMA (JJO)
                                    )
**THOMAS DARDEN,** et al.,          )
                                    )
    Defendants.                   )
                                    )

## DECLARATION OF JOHN T. VAUGHN

I, John T. Vaughn, in accordance with 28 U.S.C. § 1746, declare as follows:

1. I am the Vice President of Industrial Heat, LLC ("Industrial Heat").

2. On or about September 1, 2013, Industrial Heat entered into a Technical Consulting Agreement with United States Quantum Leap, LLC ("USQL"), through its sole member, Fulvio Fabiani ("Fabiani") (the "USQL Agreement").

3. The USQL Agreement was renewed twice. It ultimately expired on March 31, 2016.

4. Pursuant to the USQL Agreement, Industrial Heat paid USQL's consulting fee and monthly rent from September 2013 through February 2016.

5. The only payment Industrial Heat has not made to USQL is payment of USQL's March 2016 invoice.

6. Industrial Heat did not make that payment because USQL and Fabiani breached the USQL Agreement by failing to turn over documents and data that are Industrial Heat's property under the USQL Agreement.

7. On March 18, 2016, I attended a meeting at the offices of Jones Day in Miami, Florida. Also present at the meeting were Christopher Pace, Joseph Murray and Fabiani.

8. At the meeting, Fabiani said he did not want to get involved in any lawsuit between Industrial Heat and Andrea Rossi ("Rossi"). Fabiani was told that if he did not tell Industrial Heat everything he knew about the operations of the 1MW E-Cat in Doral, Florida and the involvement of J.M. Products, and if he did not provide Industrial Heat with all of the documents and data he had relating to those operations, he would be involved in any litigation between Industrial Heat and Rossi.

9. Also, at the meeting, Fabiani stated that, during the time he was working on the 1MW E-Cat in Doral, Florida, he barely saw James Bass and he did not know what work James Bass did.

10. Additionally, I have reviewed the following documents attached to Defendants' Motion for Summary Judgment and I attest that the documents were kept in the course of Industrial Heat's regularly conducted activities; I further attest that I have knowledge of the following documents and that they are what they claim to be:

    (1)    4th Am. AACT, Ex. 9;

    (2)    IH-00098392;

    (3)    4th Am. AACT, Ex. 7;

    (4)    4th Am. AACT, Ex. 8;

    (5)    IH-00089736;

    (6)    IH-00131929;

    (7)    4th Am. AACT, Ex. 16;

    (8)    IH-00090895;

(9)     IH-00007120;

(10)     IH-00090826;

(11)     IH-00011864;

(12)     IH-00089932;

(13)     4th Am. AACT, Ex. 17;

(14)     IH-00011231;

(15)     4th Am. AACT, Ex. 19;

(16)     IH-00131928;

(17)     4th Am. AACT, Ex. 11;

(18)     IH-00012657;

(19)     4th Am. AACT, Exs. 28 & 29;

(20)     4th Am. AACT, Ex. 21;

(21)     IH-00011081;

(22)     IH-00015792;

(23)     IH-00124079;

(24)     IH-00011073;

(25)     IH-00089928;

(26)     IH-00011488;

(27)     IH-00011492;

(28)     IH-00091696;

(29)     IH-00016937;

(30)     IH-00019103;

(31)     IH-00019055;

(32)    IH-00087145;

(33)    IH-00120031;

(34)    IH-00011095;

(35)    IH-00012026;

(36)    IH-00011150.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 21st day of March, 2017.

_____
John T. Vaughn

4