# EXHIBIT 12

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Civil Case Number: 1:16-cv-21199-CMA

ANDREA ROSSI, et al )
)
        Plaintiffs, )
)
v. )
)
THOMAS DARDEN, et al )
)
        Defendants. )
_____/

## PLAINTIFFS' INITIAL DISCLOSURES

The Plaintiffs, ANDREA ROSSI, an individual, and LEONARDO CORPORATION, a Florida corporation, by and through the undersigned counsel, pursuant to Rule 26(a)(1), Federal Rule of Civil Procedure, hereby serve their Initial Disclosures, and state:

### I. PERSONS LIKELY TO HAVE DISCOVERABLE INFORMATION

| | |
|---|---|
| 1. Andrea Rossi<br>c/o John W. Annesser, Esq.<br>The Silver Law Group, P.A.<br>P.O. Box 710<br>Islamorada, FL 33036<br>(305) 664-3363 | |
| 2. Leonardo Corporation<br>c/o John W. Annesser, Esq.<br>The Silver Law Group, P.A.<br>P.O. Box 710<br>Islamorada, FL 33036<br>(305) 664-3363 | |
| 3. Thomas Darden<br>c/o Christopher Pace, Esq.<br>Jones Day | |

|   |
|---|
| 600 Brickell Ave.<br>Suite 3300<br>Miami, Florida 33131<br>(305) 714-9700 |
| 4. John T. Vaughn<br>c/o Christopher Pace, Esq.<br>Jones Day<br>600 Brickell Ave.<br>Suite 3300<br>Miami, Florida 33131<br>(305) 714-9700 |
| 5. John Mazzarino<br>111 East Hargett Street<br>Raleigh, North Carolina 27601<br>(919) 743-2500 |
| 6. Industrial Heat, LLC<br>c/o Christopher Pace, Esq.<br>Jones Day<br>600 Brickell Ave.<br>Suite 3300<br>Miami, Florida 33131<br>(305) 714-9700 |
| 7. IPH International, B.V.<br>c/o Christopher Pace, Esq.<br>Jones Day<br>600 Brickell Ave.<br>Suite 3300<br>Miami, Florida 33131<br>(305) 714-9700 |
| 8. IPHBV Holding, LTD.<br>1 Finsbury Circus,<br>London EC2M 7SH83<br>United Kingdom |
| 9. Thomas Barker Dameron<br>111 East Hargett Street<br>Raleigh, North Carolina 27601<br>(919) 743-2500 |
| 10. Joe Murray<br>111 East Hargett Street<br>Raleigh, North Carolina 27601<br>(919) 743-2500 |
| 11. Fulvio Fabiani<br>fulviofabiani@mail.com |

| |
|---|
| 12. Fabio Penon<br>    *POIESIS s.r.l.*<br>    via Sette Fratelli Cervi 1<br>    35031 Abano Terme (PD)<br>    Italy<br>    tel. 39 49 811 111 |
| 13. Barry West<br>    111 East Hargett Street<br>    Raleigh, North Carolina 27601<br>    (919) 743-2500 |
| 14. Cherokee Investment Partners, LLC<br>    c/o Christopher Pace, Esq.<br>    Jones Day<br>    600 Brickell Ave.<br>    Suite 3300<br>    Miami, Florida 33131<br>    (305) 714-9700 |
| 15. AmpEnergo, Inc.<br>    c/o William F. Blake, Jr. CO. L.P.A.<br>    4110 Sunset Blvd.<br>    Steubenville, Ohio 43952 |
| 16. Joseph Pike, Sr.<br>    Address Unknown |
| 17. Joseph Pike, Jr.<br>    Address Unknown |
| 18. IH Holdings International, LTD.<br>    1 Finsbury Circus,<br>    London EC2M 7SH83<br>    United Kingdom |
| 19. Woodford Patient Capital Trust &<br>    Woodford Equity Income Fund<br>    PO BOX 3733<br>    Royal Wootton Bassett<br>    Swindon SN4 4BG<br>    United Kingdom |

II.     **DOCUMENTS IN PLAINTIFFS' POSSESSION***

    (a)     License Agreement and Amendments thereto

    (b)     E-mails between Plaintiffs & Defendants

    (c)     E-mails between Plaintiffs and Defendants' Representatives

    (d)     Reports of ERV Fabio Penon

3

(e)     E-Cat 1MW Plant

(f)     Photographs taken at conclusion of Test

(g)     E-mails with non-party IH Affiliates

(h)     Contract with AmpEnergo, Inc.

(i)     Term Sheet for operation of E-Cat at JM Products facility

(j)     Patent Applications and related documents for patents applied for by IH

(k)     Plaintiffs' patent applications and related documents

* The aforementioned documents are in the possession of the Plaintiffs and/or Plaintiffs' attorney with the exception of the E-Cat Plant which is located at the Testing Facility which is known to Defendants.

**III.    COMPUTATION OF DAMAGES:**

| Damage Category: | Damage Amount |
|---|---|
| Compensatory Damages | $89,000,000.00 plus interest |
| Special Damages including Reliance, Expectancy, and Lost Profit/Opportunity Damages | Total Valuation of this category of damages is currently unknown, but continues to accrue. Such damages are expected to be in excess of $25,000,000.00. |

Respectfully submitted,

THE SILVER LAW GROUP, P.A.
*Counsel for Plaintiffs*
P.O. Box 710
Islamorada, FL  33036
(305) 664-3363   Telephone
(305) 664-3365   Fax
jannesser@silverlawgroup.com
psilver@silverlawgroup.com
linda@silverlawgroup.com
service@silverlawgroup.com

By: _____
John W. Annesser, Esq.
Fla. Bar No. 98233
Patricia M. Silver, Esq.
Fla. Bar No. 198919

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this ___1st___ day of August, 2016, a true and correct copy of the foregoing was served via electronic mail to the following:

Christopher R.J. Pace, Esq.
Christopher M. Lomax, Esq.
JONES DAY
*Attorneys for Defendants*
crjpace@jonesday.com
clomax@jonesday.com

_____
John W. Annesser, Esq.

5

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| ANDREA ROSSI and LEONARDO CORPORATION, | ) <br> ) <br> ) |
| Plaintiffs, | ) <br> ) |
| v. | ) CASE NO. 1:16-cv-21199-CMA <br> ) <br> ) |
| THOMAS DARDEN; JOHN T. VAUGHN; INDUSTRIAL HEAT, LLC; IPH INTERNATIONAL B.V.; and CHEROKEE INVESTMENT PARTNERS, LLC, | ) <br> ) <br> ) <br> ) <br> ) <br> ) |
| Defendants. | |

**DEFENDANTS' INITIAL DISCLOSURES**

Pursuant to Federal Rule of Civil Procedure 26(a)(1), Defendants THOMAS DARDEN, JOHN T. VAUGHN, INDUSTRIAL HEAT, LLC ("Industrial Heat"), IPH INTERNATIONAL B.V. ("IPH"), and CHEROKEE INVESTMENT PARTNERS, LLC ("Cherokee") (collectively, "Defendants") make the following initial disclosures in connection with the above-captioned lawsuit filed by Plaintiffs.

**PRELIMINARY STATEMENT**

These initial disclosures are based upon information reasonably available and currently known to Defendants. Defendants are presently identifying and locating witnesses and documents as part of their ongoing investigation to fulfill their Rule 26(a)(1) disclosure obligations. If applicable, Defendants will further supplement these initial disclosures at an appropriate time and reserve the right to do so.

Defendants do not represent that these initial disclosures identify every witness, document, tangible thing, or piece of electronically stored information ("ESI") relevant to

their claims or defenses in this action and provide this information without any concession, agreement, or admission, and without waiver of any ultimate determination of the relevance or admissibility of any particular information or document, and without waiver of any protection from disclosure afforded by the attorney–client privilege, the joint defense privilege, the common interest privilege, the work product doctrine, and/or any other applicable privilege or doctrine protecting such information or document from disclosure (collectively referred to as a "privilege"). Defendants reserve the right to require that any production by Defendants be made pursuant to an agreed-upon protective order entered by the Court. Defendants further reserve the right to call any witness and present any exhibit or item at trial not listed herein.

I.  **INDIVIDUALS LIKELY TO HAVE DISCOVERABLE INFORMATION THAT DEFENDANTS MAY USE TO SUPPORT THEIR CLAIMS AND/OR DEFENSES (UNLESS SOLELY FOR IMPEACHMENT).**

Based upon the information reasonably available and currently known to Defendants, the following individuals are likely to have discoverable information that Defendants may use to support their claims and/or defenses (unless solely for impeachment). Individuals identified by Plaintiffs in their initial disclosures may also have discoverable information that Defendants may use.

In making their initial disclosures, Defendants do not waive their rights to object, pursuant to applicable Federal and Local Rules, to the deposition testimony of any of the individuals listed herein. In addition, Defendants expect to have testifying expert witnesses at trial. Expert witnesses will be disclosed in the future in accordance with Federal Rule of Civil Procedure 26(a)(2)(C) and the pretrial schedule set forth in the Court's Order Setting Trial and Pre-Trial Schedule. *See* [D.E. 23].

Defendants do not authorize Plaintiffs or their counsel/representatives to communicate with employees or former employees of any Defendant, individuals who have entered confidentiality agreements with any Defendant, or individuals who may have privileged information, or authorize any communications otherwise prohibited by any applicable rule of professional conduct, law, statute, or regulation.

Where an individual is named below, the entries are in the following format: "Name (Title): Subject." Defendants reserve the right to expand at any time the subject description provided for any individual listed herein.

    A.    The following individuals may have knowledge with respect to the allegations set forth in Plaintiffs' complaint. All are either Defendants or employees of a Defendant. They may be reached through Defendants' counsel of record and should not be contacted directly by Plaintiffs or their counsel/representatives.

    1.    Thomas Darden (President of Industrial Heat and CEO of Cherokee): The License Agreement between Andrea Rossi ("Rossi"), Leonardo Corporation ("Leonardo"), Industrial Heat, IPH, and AmpEnergo, Inc. ("AEG") (the "License Agreement"), the First Amendment to the License Agreement ("First Amendment"), the Assignment and Assumption Agreement between Industrial Heat and IPH ("Assignment and Assumption Agreement"), the proposed Second Amendment to the License Agreement ("Proposed Second Amendment"), and the Term Sheet ("Term Sheet") among Industrial Heat, Leonardo, and J.M. Products, Inc. ("JMP"); development, operation, testing and patent prosecution related to the "Energy Catalyzer" ("E-Cat") technology, including the testing conducted by Rossi and Leonardo in Florida.

    2.    John Mazzarino (Managing Principal of Cherokee): The License Agreement, the First Amendment, the Proposed Second Amendment, and the Assignment and Assumption Agreement.

    3.    John T. Vaughn (Vice President of Industrial Heat and Manager at Cherokee): The License Agreement, the First Amendment, the Proposed Second Amendment, the Assignment and Assumption Agreement, and the Term Sheet; development, operation, testing, and patent prosecution related to the E-Cat technology, including the testing conducted by Rossi and Leonardo in Florida.

4. Joseph Murray (Engineer at Industrial Heat): Evaluation, testing, and patent prosecution related to the E-Cat technology, including the testing conducted by Rossi and Leonardo in Florida.

5. Thomas Barker Dameron (Inventor and Engineer at Industrial Heat): Development, operation, testing, and patent prosecution related to the E-Cat technology, including the testing conducted by Rossi and Leonardo in Florida.

6. Wendy Carter (Controller at Industrial Heat and Cherokee): Payments and/or reimbursements relating to the E-Cat technology, including payments and/or reimbursements to Leonardo, Rossi, Fulvio Fabiani ("Fabiani"), and Fabio Penon ("Penon") related to the E-Cat technology.

7. Trista Balmer (Accountant with Cherokee): Payments and/or reimbursements relating to the E-Cat technology, including payments and/or reimbursements to Leonardo, Rossi, Fabiani, and Penon related to the E-Cat technology.

B. The following individuals are or were independent contractors with Industrial Heat who performed tasks relating to the development, operation, and/or testing of the E-Cat technology:

1. Barry West (Electrician)
   1001 Byrd Drive
   Clayton, NC 27527

2. David Perry (General Contractor)
   Post Office Box 1154
   Morehead City, NC 28557

3. Fulvio Fabiani
   1331 Lincoln Road, Unit 401
   Miami Beach, FL 33139

4. AmpEnergo, Inc.
    4110 Sunset Blvd.
   Steubenville, Ohio 43952

C. Other individuals, including third party witnesses and employees (or former employees) of Industrial Heat, IPH, or Cherokee, may also have discoverable information that Defendants may use to support their claims and/or defenses, and

- 3 -

Defendants reserve the right to supplement these disclosures accordingly as and when appropriate.

II. **DESCRIPTION BY CATEGORY OF DOCUMENTS THAT DEFENDANTS HAVE IN THEIR POSSESSION, CUSTODY, OR CONTROL AND MAY USE TO SUPPORT THEIR CLAIMS AND/OR DEFENSES.**

Based on the information reasonably available to Defendants, Defendants may rely on the following categories of documents (including electronic documents or other electronically stored information), to the extent non-privileged, that Defendants have in their possession, custody, or control to support their claims and/or defenses:

1. License Agreement.

2. First Amendment.

3. Proposed Second Amendment.

4. Assignment and Assumption Agreement.

5. Term Sheet.

6. Patent applications, provisional patent applications, and PCT applications relating to the E-Cat technology.

7. Documents relating to the License Agreement, the First Amendment, the Proposed Second Amendment, and the Term Sheet, including, but not limited to, communications between Defendants and AEG relating to the License Agreement, the First Amendment, the Proposed Second Amendment, and the E-Cat technology.

8. Documents relating to the assignment of the License Agreement from Industrial Heat to IPH.

9. Documents relating to the development and operation of the E-Cat unit and testing of the E-Cat technology, including, but not limited to:

    a. Documents reflecting testing and analysis of the E-Cat technology by Rossi/Leonardo.

    b. Documents reflecting testing and analysis of the E-Cat technology by any Defendant.

      c.    Documents reflecting testing and analysis of the E-Cat technology by third parties.

10. Documents relating to the development, operation, and testing of the six-cylinder unit referenced in the Proposed Second Amendment.

11. Documents reflecting or relating to Defendants' communications with Rossi/Leonardo, Fabiani, Penon, and JMP relating to the E-Cat technology, the License Agreement, the First Amendment, the Proposed Second Amendment, or the Term Sheet.

12. Publicly available statements made by Rossi and/or Leonardo relating to the E-Cat technology, the License Agreement, the First Amendment, the Proposed Second Amendment, or the Term Sheet.

13. Documents relating to payments and/or reimbursements made in relation to the E-Cat technology, including payments to Leonardo, Rossi, Fabiani, and Penon.

### III. COMPUTATION OF EACH CATEGORY OF CLAIMED DAMAGES BY THE DISCLOSING PARTY.

Defendants are not claiming any damages in the Complaint and are therefore not required to disclose any damage computations pursuant to Rule 26(a)(1)(A)(iii).

### IV. INSURANCE AGREEMENTS UNDER WHICH AN INSURANCE BUSINESS MAY BE LIABLE TO SATISFY ALL OR PART OF A POSSIBLE JUDGMENT.

Defendants will produce any applicable insurance policies pursuant to an agreed-upon protective order entered in this case.

Dated: August 2, 2016.

Respectfully submitted,

*/s/ Christopher R.J. Pace*
Christopher R.J. Pace
cpace@jonesday.com
Florida Bar No. 721166
Christopher M. Lomax
clomax@jonesday.com
Florida Bar No. 56220
Christina T. Mastrucci
cmastrucci@jonesday.com
Florida Bar No. 113013
JONES DAY
600 Brickell Avenue
Brickell World Plaza
Suite 3300
Miami, FL 33131
Tel: 305-714-9700
Fax: 305-714-9799

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served by e-mail on counsel of record this 2nd day of August, 2016.

*/s/ Christopher M. Lomax*
Christopher M. Lomax

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

ANDREA ROSSI, et al.,

        Plaintiff,

v.

THOMAS DARDEN, et al.

        Defendants.
_____/

CASE NO. 1:16-cv-21199-CMA

INDUSTRIAL HEAT, LLC, and IPH
INTERNATIONAL B.V.,

        Counter-Plaintiffs,

v.

ANDREA ROSSI and LEONARDO
CORPORATION,

        Counter-Defendants,

and

J.M. PRODUCTS, INC., HENRY JOHNSON,
FABIO PENON, UNITED STATES
QUANTUM LEAP, LLC, FULVIO FABIANI,
and JAMES A. BASS,

        Third-Party Defendants.
_____/

**THIRD-PARTY DEFENDANTS' INITIAL DISCLOSURES**

Pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure, Third-Party Defendants, J.M. Products, Inc. ("JMP"), Henry Johnson ("Johnson"), and James A. Bass ("Bass") (collectively, the "Third-Party Defendants"), by and through their undersigned counsel, hereby submit their initial disclosures. These initial disclosures are based on the information

1

reasonably available to Third-Party Defendants at this time, and are made without waiving any objections as to relevance, materiality or admissibility of evidence in the action. Third-Party Defendants reserve the right to revise, correct, supplement or clarify the disclosures at any time, consistent with Rule 26(e) of the Federal Rules of Civil Procedure.

    A.    <u>Individuals Likely to Have Discoverable Information</u>.  The following individuals are likely to have discoverable information that Third-Party Defendants may use to support their claims and/or defenses in this action:

    1.    Thomas Darden
Industrial Heat, LLC
President
c/o Christopher Pace, Esq.
Jones Day
600 Brickell Ave, Suite 3300
Miami, FL 33131
(305) 714-9700

Knowledge regarding the License Agreement, the First Amendment to the License Agreement, the Assignment and Assumption Agreement, and the Term Sheet; and the matters pertaining to the referenced documents.

    2.    John T. Vaughn
Industrial Heat, LLC
Vice President
c/o Christopher Pace, Esq.
Jones Day
600 Brickell Ave, Suite 3300
Miami, FL 33131
(305) 714-9700

Knowledge regarding the License Agreement, the First Amendment to the License Agreement, the Assignment and Assumption Agreement, and the Term Sheet; and the matters pertaining to the referenced documents.

    3.    Joseph Murray
Industrial Heat, LLC
Vice President of Engineering
c/o Christopher Pace, Esq.
Jones Day
600 Brickell Ave, Suite 3300

       Miami, FL 33131
       (305) 714-9700

       Knowledge regarding the evaluation, operation, maintenance, and testing of the E-Cat Plant. Knowledge regarding the circumstances under which he visited the Doral Facility and interacted with JMP's employees.

4.    Barry West
       1001 Byrd Drive
       Clayton, NC 27527

       Knowledge regarding the operation and/or testing of the E-Cat Plant and/or E-Cat technology.

5.    Andrea Rossi
       c/o John W. Annesser, Esq.
       Perlman, Bajandas, Yevoli & Albright, p.l.
       283 Catalonia Ave, Suite 200
       Coral Gables, FL 33134
       (305) 377-0086

       Knowledge regarding the evaluation, operation, maintenance, and testing of the E-Cat Plant.

6.    Fulvio Fabiani
       c/o Rodolfo Nuñez, Esq.
       Rodolfo Nuñez, P.A.
       255 University Drive
       Coral Gables, FL 33143
       (305) 443-2440

       Knowledge regarding the operation and/or testing of the E-Cat Plant and/or E-Cat technology.

7.    Fabio Penon
       *POIESIS s.r.l.*
       via Sette Fratelli Cervi 1
       35031 Abano Terme (PD)
       Italy
       Tel. 39 49 811 111

       Knowledge regarding the operation and/or testing of the E-Cat Plant and/or E-Cat technology.

8.    Henry Johnson
       J.M. Products, Inc.

      President
      c/o Fernando Arán, Esq.
      Aran Correa & Guarch, P.A.
      255 University Drive
      Coral Gables, FL 33143
      (305) 665-3400

      Knowledge regarding the Term Sheet and matters relating to same.

   9.  James A. Bass
      J.M. Products, Inc.
      Engineer
      c/o Fernando Arán, Esq.
      Aran Correa & Guarch, P.A.
      255 University Drive
      Coral Gables, FL 33143
      (305) 665-3400

      Knowledge regarding the Term Sheet and matters relating to same.

   In addition, Third-Party Defendants anticipate that other, unknown individuals may have discoverable information that Third-Party Defendants may use to support their claims or defenses. Third-Party Defendants incorporate by reference any other individuals disclosed by other parties in this matter and reserve the right to supplement this disclosure pursuant to Federal Rule of Civil Procedure 26(e).

   Third-Party Defendants also reserve the right to obtain discovery in support of their claims or defenses from any witness identified in any other party's Rule 26(a)(1) disclosure.

  B.  <u>Documents Relevant to Third-Party Defendants' Claims or Defenses</u>.  Third-Party Defendants submit the following description of documents, electronically stored information or tangible things in their personal possession, custody or control that they may use to support their claims or defenses, by category:

     1.  License Agreement

     2.  First Amendment

     3.  Proposed Second Amendment

     4.  Assignment and Assumption Agreement

     5.  Term Sheet

     6.  Documents relating to the License Agreement, First Amendment, the Proposed Second Amendment, and the Term Sheet.

7. Documents reflecting or relating to communications between Counter-Plaintiffs, Counter-Defendants, and/or any third-party defendants.

C. <u>Computation of Damages</u>.  At this time, Third-Party Defendants are not seeking any damages in this action. Third-Party Defendants, however, reserve their right to assert cross-claims and/or seek damages from other defendants or non-parties as the facts of the case develop and the case proceeds.

D. <u>Insurance Agreements</u>. Third-Party Defendants will produce any applicable insurance agreements in accordance with the Agreed Protective Order [**ECF No. 65**].

Respectfully submitted this 11th day of November, 2016.

        Arán Correa & Guarch, P.A.
        *Counsel for JMP, Johnson, and Bass*
        255 University Drive
        Coral Gables, Florida 33134
        Telephone: (305) 665-3400
        Telefax: (305) 665-2250

        By: */s/ Francisco J. León de la Barra*
            Francisco J. León de la Barra, Esq.
            Florida Bar No.: 105327
            Fernando S. Arán, Esq.
            Florida Bar No.: 349712

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on November 11, 2016, a true and correct copy of the foregoing document was served on all counsel of record via electronic mail to the following:

 _/s/ Francisco J. León de la Barra_
Francisco J. León de la Barra
