# COMPOSITE EXHIBIT 37

**From:** Andrea Rossi
**To:** hjohnson@hwilaw.net; cksauer@hwilaw.net
**Subject:** Andrea Rossi
**Date:** Monday, September 01, 2014 7:33:16 PM

Dear Attorney Johnson, Esq., Dear Colette:
1- We have rented and signed as Leonardo Corp the rental of the factory ( very beautiful ) at the following address:
7861 NW 46th Street, Doral, FL 33166.
Now we make a sublease contract between leonardo and JMC, to be signed by JMC.
Things are going on very well.
Colette: please I need the EIN number of JMC, to import the material from Johnson Matthew.

2- About the tenant to be evicted: you forwarded to me a thread with his rants: are such rants relevant or just air displaced by tongue ?
How many weeks you think will be necessary from now to kick him out?
Warmest Regards,
Andrea



AQ 1

## INDUSTRIAL GROSS SUBLEASE

THIS SUBLEASING AGREEMENT ( interchangeably " Lease " , " Agreement" or " Lease Agreement " ), dated as of the 30 day of August ,2014 by and between LEONARDO CORPORATION (" LANDLORD") and JM PRODUCTS INC. (" TENANT"),

### WITNESSETH :

LANDLORD hereby leases to TENANT and TENANT hereby leases from LANDLORD :

The Premises comprising approximately 5,925 rentable square feet of condominium office and warehouse space, more specifically identified as 7861 N.W.46th Street, Doral, FL 33166( thereinafter referred to as the "Premises", 'leased Premises" or "demised Premises" ) for the term hereinafter stated, for the rents hereinafter reserved, and upon and subject to the terms,conditions and convenants hereinafter provided :

1. **TERM**. The term of this lease shall be for three (3) years, commencing on September 1,2014 and terminating at midnight on August 31, 2017 ( "Term"). September 1, 2014 shall be hereafter referred to as " Lease Commencement Date".

2. **RENT**. The rent reserveed ubder this lease shall be :

   (A) Base rent of $ 71,100.00 for the first year of the Term (" Base Rent") payble $ 5,925.00 per month in advance on the 1st day of each month , except that the first and second month's rent shall be paid on execution of this Agreement ( "Advance Rent") such that the next monthly payment shall be paid on or before November 1, 2014. During the Term, commencing on the one-year anniversary of the Lease Commencing Date, and on each annual anniversary thereafter during the Term, the Base Rent shall be increased by three percent (3%);

   (B) All taxes in the nature of sales, now or hereinafter assessed of levied by any taxing authority upon the payment of fixed rent or additional rent as hereinafter defined, and which the LANDLORD is required or permitted to collect from TENANT, payable simultaneously with the payment of fixed rent or additional rent;

   (C) Additional rent consisting of all such other sums of money as shall become due from and payable by TENANT to LANDLORD hereunder (for default in payment of which LANDLORD shall have the same remedies as for a default in payment of fixed rent), all to be paid to LANDLORD without demand,deduction or setoff, in lawful money of the United States of America;

   (D) If during the course of the Term of this Lease Agreement the Premises' real estate taxes and assessments are reassessed such that the tax liabilities for the lease base year of 2014 increase then the LANDLORD shall advise TENANT of same and TENANT shall be responsible for the increase thereon as additional rent. TENANT shall pay LANDLORD such increase

1



Confidential

Rossi_00011389

within 15 days from the date taht actual ad valorem taxes and assessments for such base year are determined.

(E) Items B,C,D listed above shall be considered additional rent ("Additional Rent") and shall be payble without demand or setoff on a monthly basis together with Base Rent. Rent shall be made payble to LANDLORD at the following address : 1331 Lincoln Road Apt 601, Miami Beach, FL 33139.

3. ( Intentionally omitted)

4. ( Intentionally omitted)

5. **SECURITY DEPOSIT.** A refundable security deposit in the amount of $ 6,339.75 is required and shall be paid by TENANT upon signing of this Agreement . The refundable security deposit is required by the LANDLORD as an assurance that the TENANT performs all covenants contained in this lease. The security deposit will not at any time, be refunded under the following conditions :

(a) LANDLORD receives from the TENANT a written notice of intention to vacate sixty (60) days prior to the expiration of this lease

(b) Keys are returned to the LANDLORD.

(c) That upon inspection, the Premises are found to be as clean as it was when received by the TENANT, without damage-ordinary wear and tear excepted and TENANT made improvements as provided herein.

Deduction from the security deposit will be made as follows :

(a) For cleaning, unless TENANT has returned the Premises in at least " broom clean" condition.

(b) For the repair of all damage done to to the Premises during the term of this Lease, normal wear and tear excepted.

(c) For the loss of all rents, from vacating to reoccupancy ,, due to the breaking of any convenant of this lease by the TENANT.

LANDLORD is under no obligation to maintain the security deposit in a separate or escrow account and is authorized to commingle the deposit with LANDLORD'S funds. In the event the TENANT delivers two or more non-sufficient funds checks to the LANDLORD in any 12 month period, the LANDLORD may elect to : (a0 require an increase in the security deposit to double the amount pprovided herein; and/or (b) require that all rent ppayments be henceforth made in cash, money order or cashier's check.

2