**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

| | |
|---|---|
| ANDREA ROSSI and LEONARDO CORPORATION, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | CASE NO. 1:16-cv-21199-CMA ) ) |
| THOMAS DARDEN; JOHN T. VAUGHN; INDUSTRIAL HEAT, LLC; IPH INTERNATIONAL B.V.; and CHEROKEE INVESTMENT PARTNERS, LLC, | ) ) ) ) ) ) |
| Defendants. | ) ) |
| INDUSTRIAL HEAT, LLC and IPH INTERNATIONAL B.V., | ) ) |
| Counter-Plaintiffs, | ) ) |
| v. | ) |
| ANDREA ROSSI and LEONARDO CORPORATION, | ) ) ) |
| Counter-Defendants, | ) ) |
| and | ) ) |
| J.M. PRODUCTS, INC.; HENRY JOHNSON; UNITED STATES QUANTUM LEAP, LLC; FULVIO FABIANI; and JAMES A. BASS, | ) ) ) ) |
| Third-Party Defendants. | ) ) |

**Statement of the Case**

1

A.  **Plaintiffs' Statement of the Case**

Plaintiffs Andrea Rossi and Leonardo Corporation, a Florida corporation (whom I will call "Leonardo") assert four different claims against Defendants Thomas Darden, John T. Vaughn, Industrial Heat, LLC (whom I will call "Industrial Heat"), IPH International B.V. (whom I will call "IPH"), and Cherokee Investment Partners, LLC (whom I will call "Cherokee").

First, Plaintiffs claim that Industrial Heat and IPH breached a License Agreement among the parties. Specifically, Plaintiffs claim that Industrial Heat and IPH failed to make a required $89 million payment, after an agreed-upon independent third party validated the underlying technology.

Second, in the alternative to their claim for breach of the License Agreement, Plaintiffs claim that Industrial Heat and IPH were unjustly enriched by certain benefits provided to them by Plaintiffs. Specifically, Plaintiffs claim that Industrial Heat and IPH successfully sold 4% of their company in return for $50 million as a result of Dr. Rossi's efforts in continuing to provide consulting services to Industrial Heat and IPH.

Third, Plaintiffs allege that Defendants Thomas Darden, John T. Vaughn and Cherokee fraudulently induced Plaintiffs to enter into the License Agreement with Industrial Heat, by misrepresenting Industrial Heat's ability to pay under the Agreement. Specifically Plaintiffs claim that these Defendants misrepresented that (1) Industrial Heat and Cherokee had funds in excess of $100 million to pay for the E-Cat IP; (2) upon completion of the Guaranteed Performance Test, Industrial Heat (and subsequently IPH) would pay the full amount of the license fee; (3) Industrial Heat and Cherokee are both the same company and that Industrial Heat was a wholly owned intellectual property holding entity for Cherokee; and (4) Cherokee would guarantee payment of the license fee by its wholly owned subsidiary Industrial Heat.

Fourth, Plaintiffs allege that all of the Defendants misappropriated Plaintiffs' trade secrets and unjustly benefited as a result.

### B. Defendants'/Counter-Plaintiffs' Statement of the Case

#### I. Counts I: Breach of Contract

Defendants Industrial Heat, LLC (whom I will call "Industrial Heat") and IPH International, B.V. (whom I will call "IPH") claim that Plaintiffs Andrea Rossi and Leonardo Corporation breached a contract. This means that Industrial Heat and IPH claim that the parties had a contract and that Plaintiffs did not do something that the contract required them to do, or did something that the contract said they could not do.

Specifically, Industrial Heat and IPH claim that the parties entered into a License Agreement for certain technology, and that Plaintiffs breached License Agreement by failing to show that the technology worked as promised, and by failing to deliver all of the know-how about the technology to Industrial Heat and IPH as required by the License Agreement.

#### II. Count II- Breach of Contract

Defendant IPH also assets a separate claim for breach of contract against Plaintiffs.

Specifically, IPH alleges that Plaintiffs also breached the License Agreement by, for example, (a) disclosing aspects of the E-Cat technology to outsiders; (b) failing to assign certain patents for the technology to IPH; (c) charging Industrial Heat and IPH for patent-related costs that Plaintiffs were supposed to pay; and (d) working on E-Cat technology with companies other than Industrial Heat and IPH.

#### III. Count III: Fraudulent Inducement

Industrial Heat asserts a claim for fraudulent inducement against Plaintiffs and Third-Party Defendants Henry Johnson and J.M. Products, Inc. This means that Industrial Heat claims that

Rossi, Leonardo, Johnson and J.M. Products convinced Industrial Heat to enter into a contract by making false statements to Industrial Heat.

Specifically, Industrial Heat alleges that Rossi, Leonardo, Johnson and J.M. Products convinced Industrial Heat into entering a contract called the Term Sheet by falsely saying that (a) J.M. Products was a real company operating a production facility in Florida; (b) J.M. Products had a real, commercial use for steam allegedly produced by the E-Cat technology; and (c) that J.M. Products was affiliated with Johnson Matthey, plc, a large company in England.

### IV.      Count IV: FDUTPA

Industrial Heat and IPH also assert a claim for violation of Florida's Deceptive and Unfair Trade Practices Act against Plaintiffs and Third Party Defendants Johnson, J.M. Products, James Bass ("Bass") and Fulvio Fabiani ("Fabiani").  Florida's Deceptive and Unfair Trade Practices Act is a law that protects people and businesses against deceptive or unfair acts by others.

Industrial Heat and IPH allege that Rossi, Leonardo, Johnson, J.M. Products, Bass and Fabiani violated this law by manipulating Industrial Heat and IPH into sending an E-Cat plant they own to Florida and then deceiving Industrial Heat and IPH as to what they were doing with the E-Cat plant in Florida.

### V.       Count V: Breach of Contract Against Fabiani and USQL

Finally, Industrial Heat asserts a claim for breach of contract against Third Party Defendants Fabiani and United States Quantum Leap, LLC ("USQL").  As explained earlier, this means that Industrial Heat claims that it entered into a contract with Fabiani and USQL and that Fabiani and USQL failed to perform under the contract.

Industrial Heat entered into a Technical Consulting Agreement with Fabiani and USQL. Industrial Heat claims that Fabiani and USQL breached this Agreement by not acting in the best interests of Industrial Heat and by not providing Industrial Heat with accurate information and data as they were required to do under the Technical Consulting Agreement.

C.      **Third-Party Defendants' Statement of the Case**

**JM Products and Johnson Defense to Count III: Fraudulent Inducement**

JM Products and Johnson deny Industrial Heat's claims of fraudulent inducement and assert that Industrial Heat negotiated the terms of the agreement and did not include any alleged representations concerning Johnson Matthey therein. Furthermore, JM Products and Johnson assert that Industrial Heat was aware that JM Products was a newly formed entity that was being setup for the purpose of conducting experiments while using the steam generated by the 1 MW Plant.

**JM Products, Johnson and Bass Defense to Count IV: FDUTPA**

JM Products, Johnson, and Bass deny Industrial Heat and IPH's claim that they were engaged in a scheme to deceive Third-Party Plaintiffs. JM Products, Johnson, and Bass (i) did not participate in, and are not parties to, the License Agreement or other agreements between Plaintiffs and Defendants, (ii) do not have any interest in the outcome of the testing of the 1 MW Plant, (iii) and were not responsible for the operation or measurement of the 1 MW Plant. Furthermore, Bass did not play any role in Industrial Heat and IPH's decision to move the 1MW Plant to Florida.

**Fabiani and USQL Defense to Count IV: FDUPTA**

Fabiani and United States Quantum Leap, LLC ("USQL") deny that they are liable to Industrial Heat and IPH for a violation of Florida's Deceptive and Unfair Trade Practices Acts. Fabiani and USQL assert in defense of the claim that they had no involvement in manipulating

5

Industrial Heat and IPH into sending the E-Cat plant to Florida. Fabiani and USQL further assert in their defense that while the E-Cat plant was in Florida they did not engage in any deceptive or otherwise improper acts against Industrial Heat and IPH.

### Fabiani and USQL Defense to Count V: Breach of Contract

Fabiani and USQL deny that they failed to perform in accordance with the duties imposed by the Technical Consulting Agreement entered into with Industrial Heat. Fabiani and USQL assert that they properly performed all material terms as required under the contract with Industrial Heat. Fabiani and USQL also assert that they turned over all or substantially all data collected during the 1MW plant's operation in Doral and any data not provided was excused by Industrial Heat's failure to make full payment as required under the contract.

Dated: June 27, 2017                     Respectfully submitted,

*s/ John W. Annesser, Esquire*
Brian W. Chaiken, Esq. (FBN: 118060)
bchaiken@aclaw-firm.com
John W. Annesser, Esq. (FBN: 98233)
jannesser@aclaw-firm.com
Robert A. Bernstein, Esq. (FBN: 111361)
rbernstein@aclaw-firm.com
ANNESSER & CHAIKEN, PLLC
2525 Ponce De Leon Blvd., Suite 625
Coral Gables, FL 33134
Telephone: (224) 305-0259
Facsimile: (305) 377-0781
*Counsel for Plaintiffs, Andrea Rossi and Leonardo Corporation*

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on June 27, 2017, the foregoing document was served on all counsel of records identified on the attached Service List via the manner specified.

*/s/John W. Annesser, Esquire*
John W. Annesser, Esquire

**SERVICE LIST**

Christopher R.J. Pace, Esq. (FBN 721166
cpace@jonesday.com
Christopher M. Lomax, Esq. (FBN 56220)
clomax@jonesday.com
Christina T. Mastrucci, Esq. (FBN 113013)
cmastrucci@jonesday.com
Erika S. Handelson, Esq. (FBN 91133)
ehandelson@jonesday.com
JONES DAY
600 Brickell Avenue, Suite 3300
Miami, FL 33131
- and -
Bernard P. Bell, Esq. (*PHV*)
bellb@millerfriel.com
MILLER FRIEL, PLLC
1200 New Hampshire Avenue, N.W.
Suite 800
Washington, DC 20036
*Attorneys for Defendants, Darden, Vaughn, Industrial Heat, LLC,
IPH Int'l B.V., and Cherokee Investment Partners, LLC*
**Service via: CM/ECF**

Francisco J. León de la Barra, Esq. (FBN 105327)
fleon@acg-law.com
Fernando S. Arán, Esq. (FBN 349712)
faran@acg-law.com
ARÁN CORREA & GUARCH, P.A.
255 University Drive
Coral Gables, Florida 33134
*Attorneys for Third-Party Defendants, JMP, Johnson, and Bass*
**Service via: CM/ECF**

Rodolfo Nuñez, Esq. (FBN 016950)
rnunez@acg-law.com
RODOLFO NUÑEZ, P.A.
255 University Drive
Coral Gables, Florida 33143
*Attorney for Third-Party Defendants, Fabiani and USQL*
**Service via: CM/ECF**